UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| ENDURANCE AMERICAN INSURANCE COMPANY | CIVIL ACTION NO. 6:20-cv-00571 |
| VERSUS | JUDGE JUNEAU |
| CHEYENNE PARTNERS, LLC, ET AL. | MAGISTRATE JUDGE HANNA |

### **REPORT AND RECOMMENDATION**

Pending before the court is the motion (Rec. Doc. 138) that was filed by the plaintiff-in-interpleader, Endurance Insurance Company, seeking dismissal under Fed. R. Civ. P. 12(b)(6) of the counterclaims filed by the following defendants-in-interpleader: Mignone Denay Crisp, individually and as administratrix of the Estate of Robert Vaughn Crisp II; Stephen Wade Berzas and MacKenzie Berzas, individually and on behalf of their four minor children, M.B., G.B., C.B., and K.B.; Kristie Danielle Britt and Robert E. Britt, Jr., individually and on behalf of their minor son, R.E.B., and Andy Truxillo; Stephen Ensminger, Jr., individually and on behalf of his late wife Carley McCord Ensminger; Michael Christopher Vincent, individually and in his capacity as Administrator of the Estates of Gretchen David Vincent and Michael Walker Vincent; and Megan Thomas. The motion is opposed. The motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. Considering the evidence, the law, and the arguments

of the parties, and for the reasons fully explained below, it is recommended that the motion should be DENIED.

## Background

On December 28, 2019, an airplane crashed shortly after takeoff in Lafayette, Louisiana. The pilot, Ian E. Biggs, and four passengers, Robert Vaughn Crisp II, Gretchen D. Vincent, Michael Walker Vincent, and Carley McCord Ensminger, died as a result of the injuries they sustained in the crash. The fifth passenger, Stephen Wade Berzas, survived the crash but sustained serious injuries. Kristie Danielle Britt was injured when the airplane crashed into her vehicle. Ms. Britt's husband, Robert E. Britt, Jr., and her father, Andy Truxillo, allegedly witnessed the plane's collision with Ms. Britt's vehicle. Megan Thomas also allegedly witnessed the incident.

Endurance American Insurance Company initiated this interpleader action under Rule 22 of the Federal Rules of Civil Procedure, alleging that Endurance issued an insurance policy to Cheyenne Partners, LLC that was in full force and effect at the time of the incident and afforded $5 million in coverage for the occurrence. Endurance deposited $5 million in the registry of the court and sued nineteen persons or entities that allegedly have claims against that fund. Endurance subsequently added claims against certain individuals allegedly having bystander claims or loss of consortium claims arising out of bystander claims as well as the insurance company that allegedly paid indemnity or death benefits for Mr. Biggs in

2

its capacity as the workers compensation carrier for his employer. Crossclaims against Endurance were also filed, including the six that Endurance now seeks to have dismissed. For clarity, those counterclaims are: (1) Crisp (Rec. Doc. 34); Berzas (Rec. Doc. 35); Britt and Truxillo (Rec. Doc. 36); Ensminger (Rec. Doc. 37); Vincent (Rec. Doc. 43); and Thomas (Rec. Doc. 44).

## Law and Analysis

Endurance argued that the six referenced counterclaims should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim on which the court can grant relief because the counterclaims do not seek recovery independent of the interpleaded stake Endurance deposited with the court.

### A. THE STANDARD FOR ANALYZING A RULE 12(B)(6) MOTION TO DISMISS

A motion to dismiss for failure to state a claim, under Fed. R. Civ. P. 12(b)(6), is appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim.[1] When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a district court must limit itself to the contents of the pleadings, including any attachments thereto.[2] The court must accept all well-pleaded facts as true, and it must view them in the light most favorable to the

---

[1] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[2] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

plaintiff.³ Conclusory allegations and unwarranted deductions of fact are not accepted as true,⁴ and courts "are not bound to accept as true a legal conclusion couched as a factual allegation."⁵

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."⁶ A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."⁷ "The complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim."⁸

---

³ *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

⁴ *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498.

⁵ *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

⁶ *Bell Atlantic v. Twombly*, 550 U.S. at 570.

⁷ *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

⁸ *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. at 556). See also *In Re Southern Scrap,* 541 F.3d 584, 587 (5th Cir. 2008).

## B. The Counterclaims State Independent Claims Against Endurance

"While interpleader shields a stakeholder from claims that relate directly to a disputed fund and any determination regarding a claimant's entitlement to the fund, it does not protect a stakeholder from liability for counterclaims that are independent of the claimants' rights to the disputed fund."[9] In its interpleader complaint, Endurance alleged that it issued Aircraft Insurance Policy No. NAI6025731 to Cheyenne Partners, LLC, covering the time period from July 1, 2019 to July 1, 2020. Endurance further alleged that the policy had "a combined Single Limit for Bodily Injury and Property Damage liability of $5 million Each Person/Each Occurrence, including crew and passengers."[10] Endurance alleged that the defendants named in this lawsuit – including but not limited to the six who asserted the counterclaims now at issue – have claims against that $5 million stake and deposited that sum into the registry of the court.

The counterclaims at issue expressly sought recovery against Endurance under the insurance policy that Endurance placed at issue in this lawsuit – Aircraft Insurance Policy No. NAI6025731 – "for its liability and obligations under the above-referenced policy of insurance." The counterclaimants argued that there are

---

[9] *State Farm Life Insurance Company v. Bryant*, No. 3:18-CV-1628-L (consolidated with 3:18-CV-1705-L), 2019 WL 7938266, at *9 (N.D. Tex. May 16, 2019) (citing *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 882 (5th Cir. 1998)).

[10] Rec. Doc. 1 at 6.

provisions of the insurance policy under which they may recover in addition to the provision underlying Endurance's $5 million stake, citing as a nonexclusive example Coverage E of the policy, which provides coverage for medical payments and funeral expenses. They argued that they are seeking to recover under the entirety of the insurance policy, not just under the specific provision underlying Endurance's $5 million stake. In its briefing, Endurance admitted that the policy affords medical payment and funeral expense coverage that is over and above the $5 million stake to some of the defendants-in-interpleader. Therefore, the six counterclaimants' claim for the entirety of Endurance's liability and obligations under the policy encompasses something that is independent of the stake deposited by Endurance in the registry of the court. While Endurance argued that medical pay and funeral expense payments are owed only to the persons who were on board the aircraft at the time of the crash and will be paid by Endurance without dispute, those arguments are immaterial. Endurance admitted that there is at least one policy provision affording coverage to the defendants-in-interpleader that is not encompassed in the stake. On a Rule 12(b)(6) motion to dismiss, this Court will not go through a lengthy coverage analysis of an insurance policy especially when no other particular policy provisions have been brought to the court's attention. Such a coverage analysis is best reserved for the summary judgment stage of the litigation. But Endurance's admission that there is coverage for some claimants in addition to the stake is

6

sufficient for Rule 12(b)(6) purposes to establish that the counterclaimants have stated an independent claim against Endurance.

Furthermore, five of the counterclaims at issue sought recovery not only under the insurance policy that Endurance placed at issue in this lawsuit – Aircraft Insurance Policy No. NAI6025731 – but also under "any other policies of insurance issued by [Endurance] to any named insureds who are named as Defendants-in-Interpleader in this action. . . ."[11] Endurance did not address this argument in its briefing and did not deny that there are other relevant insurance policies. Again, this is a matter that can best be resolved on a motion for summary judgment. At this stage, it is sufficient that the counterclaimants have asserted claims under other insurance policies, the counterclaimants have no ability to test whether other policies exist until discovery has been undertaken, and Endurance did not deny the possibility that other policies providing coverage for this incident might exist. Accordingly, the counterclaimants stated another independent claim against Endurance.

This Court need not address whether the counterclaimants have a valid claim for prejudgment interest. That too can be tested with a motion for summary judgment.

---

[11] Rec. Doc. 34 at 5-6 (Crisp); Rec. Doc. 35 at 5 (Berzas); Rec. Doc. 36 at 5-6 (Britt and Truxillo); Rec. Doc. 37 at 6 (Ensminger); Rec. Doc. 44 at 4 (Thomas).

## Conclusion

Because the counterclaimants asserted plausible claims against Endurance that are independent of and not encompassed within Endurance's stake, IT IS RECOMMENDED that the pending motion to dismiss counterclaims (Rec. Doc. 138) should be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.[12]

---

[12]   See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

Signed at Lafayette, Louisiana, this 19th day of November 2020.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE