UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| ENDURANCE AMERICAN INSURANCE COMPANY | CIVIL ACTION NO. 6:20-cv-00571 |
| VERSUS | JUDGE JUNEAU |
| CHEYENNE PARTNERS, LLC, ET AL. | MAGISTRATE JUDGE HANNA |

## REPORT AND RECOMMENDATION

Pending before the court is the motion (Rec. Doc. 195) that was filed by the plaintiff-in-interpleader, Endurance Insurance Company, seeking dismissal under Fed. R. Civ. P. 12(b)(6) of the counterclaim filed by the following defendants-in-interpleader: Megan Thomas and Allen Richardson on behalf of their minor child, IR; Rayna Ledet, individually and on behalf of her minor child, DM; Rayna Ledet and Rodney Gardner on behalf of their minor children, RG and RG; Ashley Ballard, individually; Ashley Ballard and Anthony Boudreaux on behalf of their minor children, AB and AB; and Ashley Ballard and Roy Nora on behalf of their minor child, AB (collectively referred to hereinafter as "the counterclaimants"). The motion is opposed. The motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that the motion should be DENIED.

Endurance's motion is virtually identical to its motion to dismiss similar counterclaims (Rec. Doc. 138), which was already ruled upon, and the counterclaimants' arguments in opposition to the motion are virtually identical to those of interpleader defendants who opposed Endurance's earlier motion. For the sake of clarity, it should be noted that the counterclaimants' claims against Endurance were set forth in Rec. Doc. 189. There they sought to recover under all coverage parts of the insurance policy identified by Endurance in its briefing – not just the policy part under which Endurance claims that $5 million is owed to the defendants in this lawsuit. The counterclaimants also sought to recover under any other insurance policies that Endurance might have issued that provide coverage for the incident. Further, the counterclaimants argued in opposition to the motion that they are entitled to recover prejudgment interest.

Accordingly, for the reasons set forth in this Court's report and recommendation of November 19, 2020 (Rec. Doc. 214), and because the counterclaimants asserted plausible claims against Endurance that are independent of and not encompassed within Endurance's stake in this interpleader action, IT IS RECOMMENDED that the pending motion to dismiss counterclaims (Rec. Doc. 195) should be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this

report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.[1]

Signed at Lafayette, Louisiana, this 23rd day of November 2020.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[1] See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).