IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

ENDURANCE AMERICAN INSURANCE COMPANY

CIV. ACT. NO.:6:20-cv-00571

VERSUS

JUDGE MICHAEL J. JUNEAU

CHEYENNE PARTNERS, LLC, et al.

MAG. JUDGE PATRICK J. HANNA

## MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT BY RODNEY L. SAVOY

## TABLE OF CONTENTS

Memorandum in Support of Motion for Summary Judgment by Rodney L. Savoy ....................... i

Table of Contents ............................................................................................................. i

Table of Authorities ........................................................................................................ iii

Introduction .................................................................................................................... 1

Factual Background and Procedural History ..................................................................... 2

Limited Liability Companies and Savoy's Involvement ..................................................... 4

Aircraft Ownership, Operations and Use ......................................................................... 5

The Aircraft ................................................................................................................... 7

Issues Presented on Summary Judgment ......................................................................... 8

Law and Argument ......................................................................................................... 9

    I.      Summary Judgment Standard ................................................................. 9

    II.     Savoy is Entitled to the Statutory Presumption of Limited Liability as a Member of an LLC ....................................................................................... 10

    III.    The Statutory Exceptions to LLC Members' Limited Liability Cannot be Established as Relates to Savoy ............................................................... 11

           A.     Plaintiffs are Unable to Prove Savoy Committed a Fraudulent Act. ........ 12

B.     Savoy is Not a "Professional," and therefore, Plaintiffs Cannot Prove a Breach of Professional Duty Occurred. ..................................................... 13

C.     Plaintiffs Cannot Prove Savoy Committed Negligent or Wrongful Acts. 14

IV.     The Jurisprudential Exceptions to an LLC Members' Limited Liability Cannot be Established .............................................................................................. 17

V.     Savoy Cannot be Liable on a "Single Business Enterprise" Theory of Liability . 20

VI.     Savoy Must Be Dismissed Pursuant to La. R.S. § 12:1320(C)............................ 21

Conclusion ................................................................................................................ 22

# **TABLE OF AUTHORITIES**

## **Cases**

*Amoco Production Co. v. Texaco, Inc.*, 2002-240 (La. App. 3 Cir. 1/29/03), 838 So. 2d 821…......................................................................................................................17,18

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) .............................................. 9,10

*Andretti Sports Marketing Louisiana, LLC v. Nola Motorsports Host Committee, Inc.*, 147 F. Supp.3d 537 (E.D. La. Nov. 24, 2015) ................................................................. 18

*B & P Restaurant Group, LLC v. Delta Administrative Services, LLC*, 2018-442 (La. App. 5 Cir. 9/4/19), 279 So. 3d 492............................................................................................. 12

*Baudy v. Adame*, 441 F. Supp.3d 293 (E.D. La. Feb. 19, 2020).................................... 19

*Brown v. ANA Ins. Grp.*, 2007-2116 (La. 10/14/08), 994 So. 2d 1265.......................... 21

*Brown v. Automotive Casualty Ins. Co.*, 1993-2169 (La. App. 1 Cir. 10/7/94), 644 So. 2d 723) 21

*Burnette v. Valero Refining-Meraux LLC*, 950 F. Supp.2d 920 (E.D. La. June 20, 2013)........... 11

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) .............................................................. 10

*Charming Charlie, Inc. v. Perkins Rowe Associates, L.L.C.*, 2011-2254 (La. App. 1 Cir. 7/10/12), 97 So. 3d 595 ................................................................................................. 18, 19

*Curole v. Ochsner Clinic, L.L.C.*, 2001-1734, pp. 7-8 (La. App. 4 Cir. 2/20/02), 811 So. 2d 92)14

*Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395 (5th Cir. 2008)...... 10

*Dishon v. Ponthie*, 2005-659, p. 5 (La. App. 3 Cir. 12/30/05), 918 So. 2d 1132)........................ 20

*Erny Girl, L.L.C. v. BCNO 4 L.L.C.*, 2018-0360 (La. App. 4 Cir. 9/26/18), 257 So. 3d 212....... 14

*Fausse Riviere, L.L.C. v. Snyder*, 2016-0633 (La. App. 1 Cir. 2/15/17), 211 So. 3d 1188 .......... 10

*GBB Properties Two, LLC v. Stirling Properties, Inc.*, 2017-352 (La. App. 3 Cir. 10/25/17), 230 So. 3d 225 ............................................................................................................... 20

*Green v. Champion Ins. Co.*, 577 So. 2d 249 (La. App. 1 Cir. 1991) ................................... 20, 21

*Hickey v. Angelo*, 2018-0550 (La. App. 4 Cir. 5/29/19), 274 So. 3d 47....................................... 17

*Hodge v. Strong Built Intern., LLC*, 2014-1086 (La. App. 3 Cir. 3/4/15), 159 So. 3d 1159...................................................................................................... 10, 15, 18

*Imperial Trading Co., Inc. v. Uter*, 2001-0506 (La. App. 1 Cir. 12/20/02), 837 So. 2d 663 ....... 17

*Jones v. Pinnacle Entertainment Inc.*, No. Civ.A 19-11578, 2020 WL 6383223 *1 .................. 22

*Lee v. Clinical Research Center of Florida, L.C.*, 2004-0428 (La. App. 4 Cir. 11/17/04), 889 So. 2d 317 ............................................................................................................................. 21

*Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994) ...................................................... 10

*Mooers v. Sosa*, 2001-286 (La. App. 5 Cir. 9/25/01), 798 So. 2d 200) ......................................... 12

*NUSSLI US, LLC v. NOLA Motorsports Host Committee, Inc.*, No. Civ.A 15-2372 (E.D. La. July 29, 2016), 2016 WL 4063823 *1 ......................................................................................... 21

*Ogea v. Merritt*, 2013-1085 (La. 12/10/13), 130 So. 3d 888 ............. 10, 11, 12, 13, 15, 16, 18, 21

*ORX Res., Inc. v. MBW Expl., L.L.C.*, 2009-0662, p. 6 (La. App. 4 Cir. 2/10/10), 32 So. 3d 931 ......................................................................................................................................... 14

*Riggins v. Dixie Shoring Co., Inc.*, 590 So. 2d 1164 (La. 1991) ........................................... 17, 18

*Terrebonne Concrete, LLC v. CEC Enterprises, LLC*, 2011-0072 (La. App. 1 Cir. 8/17/11), 76 So. 3d 502) ................................................................................................................... 19

*Williams v. WMX Techs.*, 112 F.3d 175 (5th Cir. 1997) ...................................................... 19

**Statutes**

Louisiana Revised Statute § 12:1367 ................................................................................ 17

Louisiana Revised Statute § 12:1320 ............................................. 8, 9, 10, 11, 15, 16, 17, 21, 22

Louisiana Revised Statute § 12:1305 ................................................................................ 20

Louisiana Revised Statute § 1312 ...................................................................................... 20

Louisiana Revised Statute § 12:1301 ................................................................................ 13

**Rules**

Federal Rule of Civil Procedure 56 ................................................................................. 9, 10

Federal Rule of Civil Procedure 9 ..................................................................................... 12

Louisiana Civil Code Article 1953 .................................................................................... 12

Louisiana Civil Code Article 24 ........................................................................................ 10

Louisiana Civil Code Article 856 ...................................................................................... 12

**<u>Other Authorities</u>**

James S. Holliday, Jr., & H. Bruce Shreves, Louisiana Practice Series: Louisiana Construction
    Law § 1:9, pp. 10-11 (2013) ................................................................................................ 13

**MAY IT PLEASE THE COURT:**

Rodney L. Savoy ("Savoy") respectfully submits this Memorandum in Support of his Motion for Summary Judgment. For the reasons fully set forth below, Savoy's Motion should be granted.

## INTRODUCTION

This multi-plaintiff litigation arises from a tragic plane crash occurring on December 28, 2019 causing multiple deaths and injuries. The aircraft, owned by a limited liability company ("LLC"), did not have enough insurance to address the personal injury claims arising from the tragedy. Seeking additional financial recovery, the attorneys for the plaintiffs advance several clearly inapplicable legal theories against Savoy, a local prominent businessman. However, notwithstanding the tragic nature of the accident, Savoy is legally insulated by multiple relevant LLCs, had no involvement whatsoever in the plane crash—or events leading to the plane crash— and is neither personally negligent nor guilty of any wrongful acts.

Specifically, Savoy had no involvement in the management, maintenance, equipment selection, or inspections of the aircraft. Further, Savoy was not responsible for the pilot selection, pilot training, flight scheduling, weight calculations, or weather judgment. Importantly, Savoy is not and has never been a pilot. Savoy was unaware that the aircraft was being utilized on December 28, 2019 (the day of the plane crash) and had no knowledge of the personnel and passengers aboard. Indeed, Savoy learned of the crash and related details only after it had occurred.

Considering Louisiana law as it applies to all of the plaintiffs' arguments (*i.e.,* alter ego doctrine, single business enterprise theory and/or personal liability of an LLC member), Savoy must be dismissed for not only the lack of any proof whatsoever of Savoy's personal negligence

or wrongful acts, but also on the basis of improper joinder of an LLC member to a suit against an LLC. Because no genuine issues of material fact exist supporting liability against Savoy personally, Savoy should be dismissed with prejudice.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The accident that forms the basis of this litigation occurred in Lafayette, Louisiana on December 28, 2019, when a 1980 Piper PA-31T Fixed Wing Multi-Engine Aircraft (hereinafter, the "Aircraft") bound for Dekalb-Peachtree Airport in Atlanta, Georgia, crashed shortly after departure from Lafayette Regional Airport in Lafayette, Louisiana (hereinafter, the "Accident").[1] As a result of the Accident, the Aircraft's pilot, Ian E. Biggs ("Biggs"), and four of its five passengers—Robert Vaughn Crisp II, Gretchen Vincent, Michael Vincent, and Carley McCord Ensminger—sustained fatal injuries.[2] The fifth passenger, Stephen Wade Berzas, survived but sustained serious injuries.[3]

On May 6, 2020, Endurance American Insurance Company ("Endurance") filed this interpleader action in its capacity as insurer of Cheyenne Partners, LLC—the owner of the Aircraft—pursuant to an Aircraft Insurance Policy.[4] Named Defendants-in-Interpleader/Claimants in this action are additional insureds on the Endurance policy, Eagle Air, LLC ("Eagle"), Global Data Systems, Inc. ("GDS"), Biggs,[5] Savoy, Southern Lifestyle Development Company, LLC ("SLD, LLC"), and SLD Aircraft, LLC, whom Endurance alleges had "some involvement with respect to the flight, the pilot or ownership and/or maintenance of the aircraft."[6] There are additional Defendants-in-Interpleader/Claimants.[7]

---

[1] See R. Docs. 1, 34, 35, 36, 37, 43, 44.
[2] See R. Docs. 1, 34, 35, 36, 37, 43, 44.
[3] See R. Docs. 35, 133.
[4] See R. Doc. 1, ¶ 23.
[5] The Estate of Ian Biggs is the named party to this action, but for the purposes of this Motion, the Estate of Ian E. Biggs is referred to as "Biggs."
[6] See R. Doc. 1, ¶ 24.

In their answer as amended to Endurance's Complaint, all Claimants, asserted cross-claims against Savoy, SLD, LLC, SLD Aircraft, LLC, Eagle, GDS, Cheyenne Partners, LLC, Biggs, and Charles Vincent (collectively, "Defendants").[8]

In cross-claims, Plaintiffs allege that Defendants, including Savoy individually, are individually, jointly, and *in solido* liable for their damages arising out of the Accident on various inapplicable legal theories.[9] In short, Plaintiffs, "upon information and belief," contend that Defendant companies and Savoy personally are "*related companies*" who "acted in concert to conduct aviation related activities in a circuitous manner designed and intended to avoid regulatory requirements to provide safety to the public for purely economic purposes."[10] To that end, Plaintiffs assert claims of negligence against Defendant companies and Savoy personally, for the same acts, such as failing to operate, equip and safely land the Aircraft, and thereafter set forth theories of recovery under the "single business enterprise" theory, the "alter ego" doctrine, and exceptions to personal liability protections afforded to LLC members by Louisiana law.[11]

---

[7] (1)  Stephen Wade Berzas, individually and on behalf of his four minor children, M. Berzas, G. Berzas, C. Berzas, and K. Berzas, and MacKenzie Berzas (collectively, "Berzas Claimants");

(2)  Megan Thomas, individually, and with Allen Richardson on behalf of their minor child, Ilan Richardson; Rayna Ledet, individually and on behalf of her minor child, Devynn Mitchell; Rayna Ledet and Rodney Gardner, on behalf of their minor children, Rodney Gardner, Jr. and Ryden Gardner; Ashley Ballard, individually, and with Anthony Boudreaux, on behalf of their minor children, Anthony Boudraux, Jr. and Alijah Boudreaux; and Ashley Ballard and Roy Nora, on behalf of their minor child, Aron Ballard (collectively, "Thomas Claimants");

(3)  Mignone Denay Crisp, individually and as Administratrix for the Estate of Robert Vaughn Crisp II;

(4)  Kristie Danielle Britt and Robert Britt, individually and on behalf of their minor child, Elliot Britt; and Andy Truxillo (collectively, "Britt Claimants");

(5)  Steven Ensminger, Jr., individually and on behalf of his late wife Carley McCord Ensminger; Tracey McCord; and Karen McCord (collectively, "Ensminger Claimants");

(6)  Chris Vincent, individually and in his capacity as Administrator of the Estates of Gretchen David Vincent and Michael Walker Vincent; and

(7)  Travelers Casualty & Surety Company ("Travelers") [Rec. Docs 1, 103]

[8] *See* R. Docs. 34, 35, 36, 37, 43, 44 (Plaintiffs' Original Cross-Claims); *see also* R. Docs. 107, 110, 133, 145, 167, 176 (Plaintiffs' Amended Cross-Claims). Although Travelers is named in several amended cross-claims, Travelers is not pertinent to this Motion.

[9] *See* R. Docs. 107, 110, 133, 145, 167.

[10] *See* R. Docs. 107, 110, 133, 145, 167 (emphasis added).

[11] *See* R. Docs. 107, 110, 133, 145, 167.

## LIMITED LIABILITY COMPANIES AND SAVOY'S INVOLVEMENT

Savoy neither owned nor operated nor managed the Aircraft.[12] No factual basis exists to support alleged individual liability of Savoy. Plaintiffs simply ignore Louisiana law creating limited liability companies in order to target Savoy's personal assets. A multifaceted Lafayette businessman, Savoy has an interest in many LLCs supporting real estate development, real estate management, restaurant, and ranching activities.[13]   However, he has no ownership in the LLC that owned the Aircraft (Cheyenne Partners, LLC) or in SLD Aircraft, LLC (an owner of Cheyenne Partners, LLC).[14]   Each of the aforementioned LLCs maintain completely separate financial identities, keep individual records, and file separate annual tax returns.[15]   Each is identified distinctly from the other by the IRS.[16] Importantly, each has completely separate ownership:[17]

Cheyenne Partners, LLC
| | |
|---|---|
| Eagle Air, LLC | 50% |
| SLD Aircraft, LLC | 50% |

SLD Aircraft, LLC
| | |
|---|---|
| RRCO Aircraft, LLC | 66.7% |
| Parkside Properties, LLC | 33.3% |

RRCO Aircraft, LLC
| | |
|---|---|
| Rodney L. Savoy | 50% |
| Robert J. Gagnard | 50% |

---

[12] *See* Affidavit of Rodney L. Savoy, ¶¶ 3, 11, 22, attached herein as Exhibit "A."
[13] *See* Exhibit A, ¶ 2.
[14] *See* Exhibit A, ¶ 15.
[15] *See* Exhibit A, ¶ 25.
[16] *See* Exhibit A, ¶ 25.
[17] *See* Exhibit A; *see also* SLD Aircraft, LLC's Articles of Organization, attached herein as Exhibit "A-2;" RRCO Aircraft, LLC's Certificate of Formation and Operating Agreement, attached herein as Exhibit "A-3;" Cheyenne Partners, LLC's Secretary of State Certificate of Organization and Articles of Organization, attached herein as Exhibit "B;" Cheyenne Partners, LLC's Answers to Plaintiffs' First Set of Interrogatories, attached herein as Exhibit "C."

## AIRCRAFT OWNERSHIP, OPERATIONS, AND USE

**Figure 1: Aircraft Ownership, Operations and Use**



The jointly owned Aircraft was utilized by Global Data Systems, Inc. or SLD, LLC[18] (the latter of which having multiple owners, including Savoy, individually -1%):[19]

Southern Lifestyle Development, LLC

| | |
|---|---|
| Savoy 2012 Grandchildren's Trust | 24% |
| Robert Daigle | 33.3333% |
| Robert Gagnard | 17.3333% |
| LRG 2004 Irrevocable Trust | 16% |
| The Savoy Family, LLC | 8.33333% |
| Rodney L. Savoy | 1% |

---

[18] *See* Exhibit A, ¶ 7.
[19] *See* Exhibit A, ¶ 10.

SLD, LLC maintains a completely separate financial identity, keeps individual records, files a separate tax return and is identified distinctly by the IRS.[20]  SLD, LLC is involved in real estate development both commercial and residential in Louisiana, Mississippi and Alabama.[21]  Global Data Systems, Inc. has completely separate business pursuits related to technology and the oil and gas industry as reflected by Global Data Systems, Inc.'s website:



## THE AIRCRAFT

Prior to 2015, the Aircraft was solely owned and operated by Eagle Air, LLC for the benefit of that entity and a Lafayette technology business, Global Data Systems, Inc.[22] The Aircraft was managed, maintained and piloted by Global Data Systems, Inc. employees or owners.[23] In 2015, Cheyenne Partners, LLC was formed.[24] SLD Aircraft, LLC obtained a 50% interest in the Aircraft to satisfy SLD, LLC's aircraft needs.[25] Appropriate LLCs were formed with all legal formalities observed.

Thereafter, the operations, equipment choice, maintenance, pilot training, and piloting of the Aircraft continued to be handled 100% by Charles Vincent (100% owner of Eagle Air, LLC) and Global Data Systems, Inc. pilot, Ian Biggs.[26] Neither SLD Aircraft, LLC nor SLD, LLC have any common purpose with Global Data Systems, Inc.[27] The Aircraft was used by Global Data Systems, Inc. or SLD, LLC on an as needed basis.[28] There was no joint usage, *i.e.*, Global Data Systems, Inc.'s use was always separate from any use by SLD, LLC and likewise any use by SLD, LLC was separate from any use by Global Data Systems, Inc.[29] SLD, LLC and Global Data Systems, Inc. have no common purpose, and thus, their respective use of the Aircraft was at all times either only for the business of SLD, LLC (when SLD, LLC utilized the Aircraft) or only for the business of Global Data Systems, Inc. (when Global Data Systems, Inc. used the

---

[22] *See* Exhibit A, ¶ 4.
[23] *See* Exhibit A, ¶ 4.
[24] *See* Exhibit A, ¶ 5.
[25] *See* Exhibit A, ¶ 5.
[26] *See* Exhibit A, ¶ 6.
[27] *See* Exhibit A, ¶¶ 21-22.
[28] *See* Exhibit A, ¶ 7.
[29] *See* Exhibit A, ¶¶ 7, 21-22.

Aircraft).[30]  Neither Savoy nor SLD, LLC had any knowledge of the flight or the passenger list prior to the crash.[31]

## ISSUES PRESENTED ON SUMMARY JUDGMENT

Plaintiffs seek to impose individual liability upon Savoy for damages arising from the Accident through theories of recovery void of pertinent facts, and inapplicable to Savoy as a matter of law.[32]  Plaintiffs set forth several theories of recovery, including: (1) personal liability of Savoy as a member of SLD, LLC and/or SLD Aircraft, LLC for breaching fiduciary duties and/or committing fraud and/or negligent or wrongful acts; (2) liability of Savoy as a "single business enterprise" with the other Defendants; and (3) liability of Savoy under the "alter ego" doctrine relative to SLD, LLC and/or SLD Aircraft, LLC.[33]

However, when measured against the undisputed facts and applicable law, Plaintiffs lack any evidence to establish Savoy's liability on those bases or otherwise, and therefore, summary judgment as a matter of law in favor of Savoy is warranted for the following reasons:

First, the limited liability afforded members of LLCs, such as Savoy, pursuant to Louisiana Revised Statute § 12:1320 applies such that Savoy is not individually/personally liable for Plaintiffs' alleged damages in his capacity as a member of SLD, LLC. Plaintiffs are incapable of satisfying any exception to the limited liability protections provided in Louisiana Revised Statute § 12:1320(D).

Second, Plaintiffs have no evidence that Savoy is liable under the "alter ego" doctrine (as relates SLD, LLC or any other Defendant), nor can Plaintiffs establish that Savoy defrauded

---

[30] *See* Exhibit A, ¶ 22.
[31] *See* Exhibit A, ¶¶ 35-36.
[32] *See, e.g.,* R. Docs. 107, ¶ 25; 110, ¶ 23; 133, ¶ 22; 145, ¶ 31; and 167, ¶ 22.
[33] *See generally,* R. Docs. 107, 110, 133, 145, 167.

Plaintiffs or failed to conduct business on a corporate footing—which must be established in order to pierce the corporate veil and hold a member of an LLC liable.

Third, the "single business enterprise" theory applies only to corporate entities and not to individuals like Savoy.

Finally, because Plaintiffs cannot prove that Savoy owed and/or breached any professional duty to Plaintiffs, or otherwise acted negligently to the detriment of Plaintiffs, Savoy has been improperly joined in this suit in contravention of Louisiana Revised Statute § 12:1320(C), which bars individual members of an LLC from joinder in actions against the LLC itself. Therefore, Savoy must be dismissed.

Considering there are no genuine issues of material fact in dispute, the foregoing issues presented are ripe for summary judgment and Savoy should be dismissed with prejudice.

## LAW AND ARGUMENT

### I.   SUMMARY JUDGMENT STANDARD

Summary judgment is proper in a case in which there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be genuinely disputed may support such assertion by citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials. Fed. R. Civ. P. 56(c). The substantive law governing the case determines which facts are material and which are irrelevant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Anderson*, 477 U.S. at 263. An issue is genuine "if the evidence is such that a reasonable [trier of fact] could return a verdict for the non-moving party." *Id.* at 248. While all

reasonable inferences must be drawn in favor of the nonmoving party, a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions or "only a scintilla of evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co*., 530 F.3d 395, 398-99 (5th Cir. 2008) (*quoting Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994)) (internal quotation marks omitted). Instead, summary judgment is appropriate if a reasonable jury could not return a verdict for the nonmoving party. *Delta & Pine Land Co*., 530 F.3d at 399 (*citing Anderson*, 477 U.S. at 248).

Where the dispositive issue is one on which the non-moving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The burden then shifts to the nonmoving party who must go beyond the pleadings and, "by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp*., 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).

## II.  SAVOY IS ENTITLED TO THE STATUTORY PRESUMPTION OF LIMITED LIABILITY AS A MEMBER OF AN LLC.

Under Louisiana law, an LLC is a business entity separate from its members and its members' liability is governed solely and exclusively by the law of LLCs. *Hodge v. Strong Built Intern., LLC*, 2014-1086 (La. App. 3 Cir. 3/4/15), 159 So. 3d 1159, 1163 (*citing Ogea v. Merritt*, 2013-1085 (La. 12/10/13), 130 So. 3d 888, 906); *see also* LA. CIV. CODE. art. 24 ("A natural person is a human being. A juridical person is an entity to which the law attributes personality, such as a corporation or a partnership. The personality of a juridical person is distinct from that of its members."). The role of the corporate identity is perceived as beneficial to business and industry. *See Fausse Riviere, L.L.C. v. Snyder*, 2016-0633 (La. App. 1 Cir. 2/15/17), 211 So. 3d

1188, 1192 (citation omitted). Therefore, as a "general rule" or "presumption," Louisiana Revised Statute § 12:1320 provides that, "[N]o member, manager, employee, or agent of a limited liability company is liable in such capacity for a debt, obligation, or liability of the limited liability company." LA. REV. STAT. § 12:1320(B); *see also Ogea*, 130 So. 3d at 897. Accordingly, a parent company of a member of a limited liability company cannot be liable for the debts of that limited liability company. *See Burnette v. Valero Refining-Meraux LLC*, 950 F. Supp.2d 920, 923 (E.D. La. June 20, 2013) (applying Louisiana law).

SLD, LLC is a limited liability company.[34] Savoy, as a member of SLD, LLC, cannot be liable in such capacity for any debt, obligation, or liability of SLD, LLC. Thus, Plaintiffs' claims against Savoy individually arising out of any liability, debt, or obligation of SLD, LLC must be dismissed as a matter of law.

### III. THE STATUTORY EXCEPTIONS TO LLC MEMBERS' LIMITED LIABILITY CANNOT BE ESTABLISHED AS RELATES TO SAVOY.

Although Savoy generally cannot be held individually liable as a member of an LLC, Louisiana Revised Statute § 12:1320(D) provides exceptions for acts of fraud, breach of professional duty, or other negligent or wrongful acts *of the member*. *Ogea*, 130 So. 3d at 897-98 (*citing* LA. REV. STAT. § 12:1320(D)) (emphasis added).  However, the limited liability statute is cast in terms of affording a cause of action to any person who, *by law*, has a cause of action against *a member* in accordance with the statute. *See Ogea*, 130 So. 3d at 897 (*quoting* LA. REV. STAT. § 12:1320(D)) (second emphasis added). Thus, the plaintiff must, by law, have a cause of action against the LLC member individually, and the cause of action must arise from "any fraud practiced upon [the plaintiff]" or "any breach of professional duty or other negligent or wrongful act." *Id.* Plaintiffs have no cause of action by law against Savoy individually and lack evidence

---

[34] *See* Exhibit A, ¶ 9; Exhibit A-1.

sufficient to prove fraud, breach of professional duty, or other negligent or wrongful act by Savoy.

> A.  Plaintiffs are unable to prove Savoy committed a fraudulent act.

Because "fraud," in the context of the exception to a member's limited liability, is undefined by the limitation statute, the Louisiana Supreme Court has held that the Louisiana Legislature was aware of the Louisiana Civil Code definition of "fraud" when drafting the fraud exception, and therefore, adopted the longstanding definition: "Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction." *Ogea*, 130 So. 3d at 897-98 (*quoting* LA. CIV. CODE art. 1953). The two elements necessary to establish fraud are an intent to defraud or gain an unfair advantage, and a resulting loss or damage. *B & P Restaurant Group, LLC v. Delta Administrative Services, LLC*, 2018-442 (La. App. 5 Cir. 9/4/19), 279 So. 3d 492, 500 (*citing Mooers v. Sosa*, 2001-286 (La. App. 5 Cir. 9/25/01), 798 So. 2d 200, 207). To the extent a member's conduct (or lack thereof) constitutes "fraud," the liability limitation is extinguished.

There is no evidence of Savoy committing a fraudulent act. In their pleadings, Plaintiffs' lone reference of "fraud" as to Savoy consists of a vague, unsubstantiated contention that, "the facts are such that an adherence to the fiction of these related companies, would under the circumstances, sanction a fraud or promote injustice" to Plaintiffs.[35] This allegation is not only void of any evidentiary support, but also falls short of the mandatory pleading requirement for allegations of fraud under the Federal Rules of Civil Procedure and the Louisiana Code of Civil Procedure.[36] More importantly, Plaintiffs do not allege and cannot prove that Savoy

---

[35] *See, e.g.,* R. Docs. 107, ¶ 69 and 145, ¶ 79.
[36] *See* Fed. R. Civ. P. 9(b); *see also* La. Code Civ. Proc. art. 856.

misrepresented or suppressed the truth with the intention of obtaining an unjust advantage for one party or to cause a loss or inconvenience to Plaintiffs *in his capacity as a member of SLD, LLC*. Indeed, Savoy, individually or through SLD, LLC, had no involvement whatsoever with the December 28, 2019 flight and has never had a personal, professional, or contractual relationship with any of the Plaintiffs.[37] Therefore, the "fraud" exception is inapplicable.

> **B. Savoy is not a "professional," and therefore, Plaintiffs cannot prove a breach of professional duty occurred.**

Second, a "professional duty" applies exclusively to delineated "professionals." The Louisiana Supreme Court, in order to define a professional duty, incorporated the technical meaning of "professional" used when describing "professional corporations" and the statutory provisions enacted to govern them. *Ogea*, 130 So. 3d at 898. In doing so, the court quoted the following text, which it held provides the exclusive list of "professions:"

> Since 1964, professional law corporations have been possible in Louisiana. In 1968, with recodification of Louisiana's corporate laws, professional medical corporations were also permitted. Since then, Louisiana has enacted statutory provisions for professional corporations for the dental, accounting, chiropractic, nursing, architectural, optometry, psychology, veterinary medicine and architectural-engineering professions.

*Id.* at 898-99 (*quoting* JAMES S. HOLLIDAY, JR., & H. BRUCE SHREVES, LOUISIANA PRACTICE SERIES: LOUISIANA CONSTRUCTION LAW § 1:9, pp. 10-11 (2013) (footnotes omitted)).

The court in *Ogea* rejected future arguments that a member's role as an unrecognized profession should be found to equate to a "professional" role such that derogation from acceptable standards for the unrecognized profession should be found to equate to a "breach of a professional duty." *Id.* at 899. It reasoned that Louisiana's limited liability law draws a distinction between a person engaged in a "profession" and a person engaged in a "trade." *Id.* (*citing* LA. REV. STAT. § 12:1301(A)(2)) (defining "business" to mean "any trade, occupation, profession, or other

---

[37] *See* Exhibit A, ¶¶ 33-36.

13

commercial activity, including but not limited to professions licensed by a state or other governmental agency").

At all pertinent times, especially and including at the time of the December 28, 2019 flight, Savoy did not belong to any legislatively recognized profession.[38] Although Savoy previously practiced as a certified public account, he has not actively done so since 1996, has never rendered professional accounting services to any Plaintiff, notwithstanding the fact that Plaintiffs' claims against Savoy do not arise from Savoy acting as a certified public account in any capacity at any time.[39] Accordingly, this exception does not apply.

> C.  Plaintiffs cannot prove Savoy committed negligent or wrongful acts.

Finally, "the phrase 'or other negligent or wrongful act by such person' must refer to acts done *outside one's capacity as a member, manager, employee, or agent of the limited liability company*." *An Erny Girl, L.L.C. v. BCNO 4 L.L.C.*, 2018-0360 (La. App. 4 Cir. 9/26/18), 257 So. 3d 212, 221 (emphasis added) (*quoting ORX Res., Inc. v. MBW Expl., L.L.C.*, 2009-0662, p. 6 (La. App. 4 Cir. 2/10/10), 32 So. 3d 931, 935; *Curole v. Ochsner Clinic, L.L.C.*, 2001-1734, pp. 7-8 (La. App. 4 Cir. 2/20/02), 811 So. 2d 92, 97). In other words, absent proof that Savoy acted outside of his capacity as a member of SLD, LLC, this factor does not apply.

The evidence establishes that Savoy was not involved with the flight on December 28, 2019 and did not act in any way towards Plaintiffs at any time.[40] Further, the generalized allegations of conduct against Savoy clearly do not concern conduct outside Savoy's capacity as a member of SLD, LLC. Indeed, Plaintiffs claim that Savoy should be personally liable because he acted "in his capacity as registered Manager of SLD, LLC."[41] Thus, Plaintiffs cannot prove

---

[38] *See* Exhibit A, ¶ 34.
[39] *See* Exhibit A, ¶¶ 33-34.
[40] *See* Exhibit A, ¶¶ 33-36.
[41] *See, e.g.,* R. Doc. 145, ¶ 59.

the final exception to the limited liability of LLC members, and the claims of individual liability against Savoy must be dismissed.

However, even assuming Plaintiffs can show Savoy "acted," which is denied, proof of a "negligent or wrongful act" weighs upon satisfaction of four factors:

> (1)    Whether a member's conduct could be fairly characterized as a traditionally recognized tort ("tort factor");
>
> (2)    Whether a member's conduct could be fairly characterized as a crime, for which a natural person, not a juridical person, could be held culpable ("crime factor");
>
> (3)    Whether the conduct at issue was required by, or was in furtherance of, a contract between the claimant and the LLC ("contract factor"); and
>
> (4)    Whether the conduct at issue was done outside the member's capacity as a member.

*See Ogea*, 130 So. 3d at 900-01.

The **"tort factor"** requires a threshold consideration of whether there was any "personal duty" owed to plaintiff by the member in the tort sense, not in the contractual sense. *Id.* at 901. The existence of a duty is a question of law. *Hodge*, 159 So. 3d at 1165 (*citing Ogea*, 130 So. 3d at 901). Under the specific facts in *Ogea*, the court found that the duty must be "something more" than the duties arising out of the LLC's contract with the plaintiff and that to find otherwise would negate the general rule of limited liability established by La. R.S. § 12:1320. *Id.* Further, the plaintiff must prove all elements of the claim to succeed in a tort action. *Ogea*, 130 So. 3d at 901.

Despite the nature of Plaintiffs' claims, insofar as every defendant is impermissibly grouped together without justification, Plaintiffs cannot establish Savoy owed any of the Plaintiffs a personal duty. To the extent Plaintiffs argue that Savoy owed Plaintiffs a "fiduciary duty," which is denied, Savoy did not own, maintain, operate, or control the Aircraft, and Savoy

had no involvement with the Aircraft or Accident on December 28, 2019. At best, Savoy's prior connection to the Aircraft, if any, arose by virtue of his status as a member of SLD, LLC, and any such conduct was intimately, and solely, sourced from that LLC such that any duty owed to Plaintiffs, fiduciary or otherwise, was not personal. Plaintiffs, therefore, cannot prove this factor.

The "crime factor" requires proof of a member's violation of a crime for which a natural person, not a juridical person, could be held culpable. *Ogea*, 130 So. 3d at 902. Plaintiffs lack any evidence of conduct by Savoy, let alone conduct conceivably resulting in criminal culpability.

The "contract factor" asks whether the members' conduct "was required by, or was in furtherance of, a contract between the claimant and the LLC." *Ogea*, 130 So. 3d at 904. No contract exists between Plaintiffs and Savoy and/or SLD, LLC such that the "contract factor" could apply to the claims against Savoy individually.[42]

Finally, the "outside of capacity factor" determines whether the member agreed to obligate himself personally to the plaintiff beyond his capacity with the LLC. *Id.* Plaintiffs cannot satisfy this factor because Savoy never entered into an agreement with Plaintiffs, let alone an agreement to act personally outside his capacity as a member of SLD, LLC. As such, Plaintiffs will be unable to prove the final factor of the negligent or wrongful act exception to the liability limitation.

Accordingly, Savoy is entitled to summary judgment on the claims of individual liability under La. R.S. § 12:1320 because Plaintiffs cannot rebut the presumption of limited liability afforded Savoy in his capacity as a member of an LLC under Louisiana law.

---

[42] *See* Exhibit A, ¶ 33.

## IV. THE JURISPRUDENTIAL EXCEPTIONS TO AN LLC MEMBERS' LIMITED LIABILITY CANNOT BE ESTABLISHED.

Louisiana Revised Statute § 12:1320(A) explicitly provides that, "The liability of members, managers, employees, or agents, as such, of a limited liability company organized and existing under this Chapter shall at all times be determined solely and exclusively by the provisions of this Chapter." Indeed, this exclusivity provision is solidified by another LLC statute, which mandates that, "The rules that statutes in derogation of the common law are to be strictly construed shall have no application to this chapter." LA. REV. STAT. § 12:1367(A). Despite this rare legislative admonition, common law approaches to "piercing the corporate veil" persist in Louisiana jurisprudence to allow plaintiffs to hold individual members of an LLC liable for wrongdoing. *See Hickey v. Angelo*, 2018-0550 (La. App. 4 Cir. 5/29/19), 274 So. 3d 47, 55 (citation omitted).

Louisiana courts have recognized two exceptional circumstances where the rule of non-liability of members for the debts of the LLC will be disregarded because the LLC is considered an "alter ego" of its members: (1) where members acting through the LLC commit fraud or deceit on the third party, or (2) where the members disregard the corporate formalities to such an extent that the members and the LLC become indistinguishable. *See Riggins v. Dixie Shoring Co., Inc.*, 590 So. 2d 1164, 1168 (La. 1991); *Amoco Production Co. v. Texaco, Inc.*, 2002-240 (La. App. 3 Cir. 1/29/03), 838 So. 2d 821, 833; *Imperial Trading Co., Inc. v. Uter*, 2001-0506 (La. App. 1 Cir. 12/20/02), 837 So. 2d 663, 669-70. In determining whether a company is its members' "alter ego," courts consider such factors as (1) commingling of corporate and member funds, (2) failing to follow statutory formalities in the function of incorporating and transacting company affairs, (3) undercapitalization, (4) failing to maintain separate bank accounts and

17

bookkeeping records, and (5) failing to hold regular shareholder and director meetings. *Riggins*, 590 So. 2d at 1168; *Amoco*, 838 So. 2d at 833.

Nevertheless, "courts are reluctant to hold a [member] personally liable for [company] obligations, in the absence of fraud, malfeasance, or criminal wrongdoing." *Charming Charlie, Inc. v. Perkins Rowe Associates, L.L.C.*, 2011-2254 (La. App. 1 Cir. 7/10/12), 97 So. 3d 595, 599 (*citing Riggins*, 590 So. 2d at 1168). Absent allegations of fraud on the part of the members, plaintiffs "bear a heavy burden of proving that the [members] disregarded the corporate entity to such an extent that it ceased to become distinguishable from themselves." *Hodges*, 159 So. 3d at 1163-64 (*quoting Riggins*, 590 So. 2d at 1168). Once the members show the existence of the LLC, plaintiffs bear the burden of proving exceptional circumstances for piercing the company veil. *See Amoco*, 838 So. 2d at 833.

Further, the alter ego doctrine ***may not be used*** to impose liability on an individual or entity who has never been a shareholder or member of the company whose veil a plaintiff seeks to pierce. *See Andretti Sports Marketing Louisiana, LLC v. Nola Motorsports Host Committee, Inc.*, 147 F. Supp.3d 537, 562-63 (E.D. La. Nov. 24, 2015) (*citing Ogea,* 130 So. 3d at 895 n. 4; *Riggins*, 590 So. 2d at 1168) (holding that, under the decisions of the Louisiana Supreme Court and the Louisiana Circuit Courts of Appeal, the alter ego doctrine may not be applied to persons who are not, and who have never been, members of the subject entity) (emphasis added).

Accordingly, because Savoy has never been a member or shareholder of any other entity named in this action besides SLD, LLC,[43] Plaintiffs are precluded from piercing the corporate

---

[43] *See* Exhibit A, ¶¶ 10, 15.

veils of other defendants of which Savoy is neither a member nor shareholder to hold Savoy liable, and their attempt to circumvent well-settled law lacks merit.[44]

Nonetheless, there is no evidence that Savoy, individually or through SLD, LLC, committed any fraudulent acts against Plaintiffs or any third party in connection with the Accident. Plaintiffs levy no claim of fraud, but instead set forth generalized allegations of negligence and decry the "adherence to the fiction of the separate existence of [the] related companies" as sanctioning a fraud or promoting an injustice to Plaintiffs.[45] At best, the misconduct Plaintiffs rely upon to establish Savoy's liability sounds in negligence or, at worst, gross wrongdoing, rather than conduct meeting the elements of fraud. *See Baudy v. Adame*, 441 F. Supp.3d 293, 299 (E.D. La. Feb. 19, 2020) (a plaintiff must prove "a misstatement or omission of material fact made with the intent to defraud on which the plaintiff relied and which proximately caused the plaintiff's injury") (*quoting Williams v. WMX Techs.*, 112 F.3d 175, 177 (5th Cir. 1997)); *see also Charming Charlie*, 97 So. 3d at 599 (*citing Terrebonne Concrete, LLC v. CEC Enterprises, LLC*, 2011-0072 (La. App. 1 Cir. 8/17/11), 76 So. 3d 502, 509) ("[F]raudulent intent, or the intent to deceive, is a necessary and inherent element of fraud. Fraud cannot be predicated upon mistake or negligence, no matter how gross.").

Mindful of the fact that Savoy has carried his burden of establishing the existence of the LLC—SLD, LLC—and because Plaintiffs cannot prove fraud (as explained above), any application of the alter ego doctrine falls solely within Plaintiffs' purview. Although Plaintiffs must demonstrate that the corporate identity of SLD, LLC should be disregarded to impose liability on Savoy, none of the factors weighs in Plaintiffs' favor.

---

[44] *See* R. Doc. 145, ¶ 59 (alleging that "[Defendants] are additionally liable due to . . . Wrongfully treating the related companies as the Alter Egos of . . . Savoy."); *see also* R. Doc. 107, ¶ 61 ("SLD Aircraft's separate organizational identity should be disregarded and SLD . . . should be found liable for SLD Aircraft's negligence herein.").

[45] *See* R. Docs. 107, 110, 133, 145, 167.

The evidence submitted in support herein shows that the funds on account for SLD, LLC remain separate from the funds of Savoy.[46] SLD, LLC properly organized pursuant to Louisiana Revised Statutes §§ 12:1305 and 1312, maintained individual bank accounts and bookkeeping records from its members, including Savoy, filed individual tax returns, transacted business in its own name, and conducted itself in accordance with the formalities applicable to LLCs under Louisiana's LLC laws such that SLD, LLC is not an alter ego of Savoy.[47] Therefore, Plaintiffs cannot prove exceptional circumstances favor piercing the company veil of SLD, LLC such that Savoy can be individually liable for LLC debts. Accordingly, Plaintiffs' claims against Savoy under the alter ego doctrine must be dismissed.

## V. SAVOY CANNOT BE LIABLE ON A "SINGLE BUSINESS ENTERPRISE" THEORY OF LIABILITY.

Similar to the "alter ego" doctrine, the "single business enterprise" theory ("SBE") is a theory for imposing liability where two or more *business entities* act as one such that "the legal fiction of a distinct corporate entity may be disregarded when a corporation is so organized and controlled as to make it 'merely an instrumentality or adjunct of another corporation.'" *See Green v. Champion Ins. Co.*, 577 So. 2d 249, 257 (La. App. 1 Cir. 1991) (emphasis added). Thus, the SBE theory "allows for the piercing of the corporate veil in order to find that one corporation is deemed responsible for the liabilities of another because the corporation is found to be the 'alter ego, agent, tool or instrumentality of another corporation.'" *See GBB Properties Two, LLC v. Stirling Properties, Inc.*, 2017-352 (La. App. 3 Cir. 10/25/17), 230 So. 3d 225, 230-31 (*citing Dishon v. Ponthie*, 2005-659, p. 5 (La. App. 3 Cir. 12/30/05), 918 So. 2d 1132, 1135). When "a group of corporations integrate their resources to achieve a common business purpose and do not operate as separate entities, each affiliated corporation may be held liable for debts

---

[46] *See* Exhibit A, ¶ 32.
[47] *See generally* Exhibit A; *see also* Exhibits A-1, A-2.

incurred in pursuit of the general business purpose." *Lee v. Clinical Research Center of Florida, L.C.*, 2004-0428 (La. App. 4 Cir. 11/17/04), 889 So. 2d 317, 323 (*quoting Brown v. Automotive Casualty Ins. Co.*, 1993-2169 (La. App. 1 Cir. 10/7/94), 644 So. 2d 723, 727).

Nevertheless, "The Louisiana Supreme Court has explained the single business enterprise is 'a theory for imposing liability where two or more *business entities* act as one.'" *NUSSLI US, LLC v. NOLA Motorsports Host Committee, Inc.*, No. Civ.A 15-2372 (E.D. La. July 29, 2016), 2016 WL 4063823 *1, *18 (*citing Brown v. ANA Ins. Grp.*, 2007-2116 (La. 10/14/08), 994 So. 2d 1265, 1266 n. 2 (*citing Green*, 577 So. 2d at 249)) (finding the SBE doctrine inapplicable to an individual, not a business entity).

Plaintiffs purport to impose individual, joint, and *in solido* liability on multiple, separate business entities, as well as individuals.[48] Under Louisiana law, however, the SBE theory of liability extends solely to business entities and not individuals, such as Savoy. Therefore, as a matter of law, Plaintiffs' claims against Savoy under the SBE theory must be dismissed.

**VI. SAVOY MUST BE DISMISSED PURSUANT TO LA. R.S. § 12:1320(C).**

Finally, having established Plaintiffs have no cognizable claim for individual liability against Savoy arising out of the Accident, Savoy, in his individual capacity as a member of SLD, LLC, is not a proper party to this suit and must be dismissed in accordance with La. R.S. § 12:1320(C), which provides as follows:

> A member, manager, employee, or agent of a limited liability company is not a proper party to a proceeding by or against a limited liability company, except when the object is to enforce such a person's rights against or liability to the limited liability company.

LA. REV STAT. § 12:1320(C); *see also Ogea*, 130 So. 3d at 896 (opining that subsection (C) identifies the proper party defendant to a suit against an LLC).

---

[48] *See generally,* R. Docs. 107, 110, 133, 145, 167.

When read in conjunction with La. R.S. § 12:1320(D), which provides the exceptions to a member's limited liability, "a member of a limited liability company is not ordinarily a proper party to a lawsuit involving the company unless that member breached its professional duty or otherwise acted negligently to the detriment of the injured person." *Jones v. Pinnacle Entertainment Inc.*, No. Civ.A 19-11578, 2020 WL 6383223 *1, *2 (*citing* LA. REV STAT. § 12:1320). Savoy is not a proper party to these proceedings insofar as he has established he is a member of SLD, LLC, which is an LLC under Louisiana law, and has proven that Plaintiffs have no cause of action against him individually under the limited liability exceptions. Given the lack of evidence justifying Savoy's joinder to this lawsuit, this motion must be granted and Savoy must be dismissed with prejudice.

## **CONCLUSION**

For the above and foregoing reasons, Savoy is entitled to summary judgment as a matter of law on the issues presented herein and dismissal of such claims with prejudice.

Respectfully submitted,

*/s/ Kenneth H. Laborde*
KENNETH H. LABORDE (No. 8067)
LEO R. McALOON, III (No. 19044)
NICHOLAS S. BERGERON (No. 37585)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139
Telephone:    (504) 561-0400
Facsimile:    (504) 561-1011
Email:        klaborde@glllaw.com
              lmcaloon@glllaw.com
              nbergeron@glllaw.com
ATTORNEYS FOR SOUTHERN LIFESTYLE
DEVELOPMENT COMPANY, LLC, SLD
AIRCRAFT, LLC and RODNEY L. SAVOY

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been forwarded to all counsel of record via the Court's electronic case management system on April 7, 2021.

*/s/ Kenneth H. Laborde*
KENNETH H. LABORDE