IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| ENDURANCE AMERICAN INSURANCE COMPANY | § § § | CASE NO. 6:20-cv-00571 |
| | § | JUDGE: Hon. S. Maurice Hicks, Jr. |
| v. | § § | MAGISTRATE: Hon. David J. Ayo |
| CHEYENNE PARTNERS, LLC *et al.* | § § | |

**SECOND AMENDED CASE MANAGEMENT ORDER**

TRIAL DATE:            April 3, 2023

PRE-TRIAL CONFERENCE:            March 8, 2023

## I. Lead Counsel

Jennifer E. Michel; Endurance American Insurance Co.

Randall K. Theunissen; Cheyenne Partners LLC, Eagle Air LLC and Charles E. Vincent.

John R. Walker; Global Data Systems Inc.

Kenneth H. Laborde; SLD Aircraft LLC, Southern Lifestyle Development Co. LLC, Rodney L. Savoy, RRCO Aircraft, LLC, Parkside Properties, LLC, Robert W. Daigle and RR Company of America, LLC.

Philip C. Brickman; Ian Biggs Estate.

Michael J. Remondet, Jr.; Chris Vincent Individually and on behalf of Gretchen David Vincent, and M.W.V.

John W. Martinez; Travelers Casualty & Surety Co.

Joseph P. Guichet; The Travelers Indemnity Company of Connecticut and Travelers Property Casualty Company of America.

Blake R. David; Stephen Wade Berzas, individually and on behalf of his four minor

1

children, M. Berzas, G. Berzas, C. Berzas, and K. Berzas, and Mackenzie Berzas.

Richard J. Arsenault and Dustin C. Carter; Mignone Denay Crisp and Robert Vaughn Crisp II Estate.

Jeffrey M. Bassett and P. Craig Morrow; Kristie Danielle Britt, Individually and on behalf of E.B., Robert Britt. individually and on behalf of his minor child E.B., and Andy Truxillo.

Jonathan C. Pedersen; Steven Ensminger Jr., individually and on behalf of his late wife Carly McCord Ensminger

Mark G. Artall; Megan Thomas, Ashley Ballard and Rayna Ledet, et al.

Charles William "Will" Montz, Jr.; Damian Lucas Crisp.

W. Alan Lilley; Ethan Biggs, Shannon Biggs and Madison Biggs.

James A. Prather and C. Bowman Fetzer; QBE Insurance Corporation

Christopher R. Teske; AIG Property Casualty Company

## II. Initial Disclosures

Most of the Parties have, or should have already, exchanged Initial Disclosures under Rule 26. Any Party that has not served their Initial Disclosures under Rule 26 must do so no later than **10 days after the date of this Second Amended Case Management Order**.

## III. Fact Discovery

    A. *Fact Discovery Deadline:* The deadline for all Fact Discovery, including written discovery, is **December 30, 2022**.

    B. *Persons/Entities to be Deposed in Fact Discovery:* At this time, with respect to Fact Discovery, the parties reasonably believe the following persons or entities may need to be deposed:

        (1) Cheyenne Partners, LLC

   (2) Eagle Air, LLC
   (3) Charles E. Vincent
   (4) Cherry Thompson
   (5) Global Data Systems, Inc.
   (6) Leslie Daigle
   (7) Lyndsey Degatayuer
   (8) Southern Lifestyle Development Company, LLC
   (9) SLD Aircraft, LLC
   (10) Rodney L. Savoy
   (11) Tricia Sieferman
   (12) Robert Gagnard
   (13) Robert Daigle
   (14) RRCO Aircraft, LLC
   (15) RR Company of America, LLC
   (16) Bank of Erath
   (17) Private Aircraft Hangar of Lafayette, LLC
   (18) Chris Hawthorne
   (19) Parkside Properties, LLC
   (20) Jason Matthews
   (21) Brandon Hebert
   (22) Brian Blessing
   (23) Peyton Enloe
   (24) Paul Jones
   (25) Shannon Biggs
   (26) Stephen Wade Berzas
   (27) Mackenzie Berzas
   (28) Kristie Danielle Britt
   (29) Robert Britt
   (30) Andy Truxillo
   (31) Mignone Denay Crisp
   (32) Steven Ensminger, Jr.
   (33) Any other person(s)/entity(ies) the parties previously identified in their Initial Disclosures.[1]
   (34) Any other person(s)/entity(ies) the parties have not yet determined need to be deposed, subject to the notice requirements and associated protocol provided in Sections IV(C) and III(D), *infra*.

  C. If a party has not yet determined who will need to be deposed, absent special circumstances or consent of the parties, at least two weeks' notice must be given for proposed deposition of individuals and at least thirty (30) days' notice must be

---

[1] While not an exhaustive list of every person that may need to be deposed, the parties' initial disclosures provided the names of individuals likely to have discoverable information and who may need to be deposed.

      given for any proposed depositions of corporations or entities pursuant to Rule 30(b)(6), including proposed areas of inquiry and requests for production, if any. If a request for production under Rule 30(b)(2) or Rule 34 is included in the Notice of Rule 30(b)(6) Deposition, the formal Notice must be propounded no later than forty-five (45) days prior to the deposition date, and the documents requested must be produced at least ten (10) days prior to the deposition. For all depositions to be conducted pursuant to Rule 30(b)(6), any objections to the areas of inquiry and/or document requests contained in the Notice, or an attachment thereto must be submitted to all parties within thirty (30) days of service of the Notice.

D.    In addition to the more specific provisions set forth above, the conduct of discovery and taking of depositions shall be subject to the following general provisions:

    (1)    Each party who has provided responses to interrogatories, requests for production of documents, or requests for admissions is under a continuing obligation to supplement or correct its response or production in a timely manner if the party learns that in some material respect the response or production is incomplete or incorrect.

    (2)    Each party who has been noticed for a deposition shall make supplemental responses to requests for production of documents reasonably in advance of the deposition, including voluntary disclosures required under Rule 26, no less than ten (10) days before the deposition.

    (3)    Any party who intends to use, at a deposition, documents that have not been previously produced in this litigation shall produce such documents to all parties no later than ten (10) days before the deposition, unless the

                  documents in question are solely for impeachment.

        (4)        The right is reserved to all parties, subject to such further orders of the Court as may be appropriate, to re-notice the deposition of any party who does not produce documents reasonably in advance of the deposition as set forth herein or who produces additional documents after the deposition.

    E.    *Fact Discovery Deposition Dates:*  The parties are currently holding the following dates for Fact Discovery depositions:

        (1)    September 5-9, 2022
        (2)    October 10-14, 2022
        (3)    November 14-18, 2022
        (4)    December 12-16, 2022

The parties will continue to confer, as necessary, to reserve additional mutually agreeable dates for the taking of Fact Discovery depositions.

## IV. Expert Discovery

    A.    *Expert Discovery Deadline:* The deadline for completing expert discovery is **December 30, 2022.**

    B.    The parties shall make a good faith effort to identify any and all experts who will testify at trial in their preliminary witness lists referenced in Section IX, *infra,* and they shall supplement similarly their expert lists at the end of each month until the end discovery.

    C.    For testifying experts, the cross-claimants shall make the disclosures required under Rule 26(a)(2)(B) on or before **October 15, 2022.** The cross-claim defendants shall make the disclosures required under Rule 26(a)(2)(B) on or before **November 30, 2022.**

    D.    *Depositions of Experts:* The parties will meet-and-confer, as necessary, following service of their respective expert reports to discuss and reserve mutually agreeable dates for the taking of Phase I expert depositions in the case.

## V. Deadline to Amend and/or Add Additional Parties

The deadline for amending claims or defenses and/or adding any additional parties in this case is **October 15, 2022.** Amendment of claims or defenses and/or joinder of additional parties may be made thereafter upon motion of any party (subject to the protocol provided in Section X(A), *infra*) and a showing of good cause, including amending claims and/or defenses precipitated by the Factual NTSB Report.

## VI. Surveillance Evidence

    A.    The following rules governs discovery of any surveillance evidence intended to be offered at trial, whether offered for impeachment purposes or as substantive evidence. *See Chiasson v. Zapata Gulf Marine, Corp.*, 988 F.2d 513, 517 (5th Cir.1993):

        (1)    A party must make a timely request for discovery of surveillance evidence. Timeliness means that this request must be made prior to the end of the Fact Discovery deadline. An untimely request for surveillance evidence will be treated as any other untimely discovery request.

        (2)    The respondent need not respond to the discovery request and need not indicate whether there exists any evidence until **120 days before Trial**. On or before the deadline, the respondent shall turn over to the requesting party all surveillance evidence in his possession or control, or identify the

evidence and assert the evidence is privileged or protected. See FED R. CIV. P. 26(b)(5). Additionally, respondent shall identify the individual(s) who will be necessary to lay a proper foundation for admission of such evidence at trial.

(3) The respondent has the right to depose or re-depose the individual who might have been the subject of the surveillance, prior to responding to the discovery request; the party requesting the surveillance evidence may depose any individuals who conducted the surveillance after receipt of the surveillance evidence.

(4) Depositions shall be upon reasonable notice to all parties, and shall be limited in scope to impeachment issues and updating any previous deposition, and must be completed by no more than **90 days before Trial**.

(5) Surveillance evidence will not be accepted at trial unless:

    (a) the offering party has complied with the requirements set forth above;

    (b) the party subject to surveillance has failed to request discovery of the evidence in question; or

    (c) the offering party shows good cause for an exception to these rules.

(6) Any party who intends to offer surveillance films or videotapes into evidence at trial shall meet with all parties who have requested discovery of surveillance evidence and they shall jointly edit the material and agree on the portions to be shown at trial to the extent possible. The film shall be edited to remove non-essential and unnecessary material.

**VII.   Preliminary Witness & Exhibit Lists**

If not done so pursuant to the prior Case Management Order or Amended Case Management Order, all parties shall exchange preliminary witness and exhibit lists no later than **October 1, 2022**, with a good faith effort to identify the witnesses and exhibits that actually may be relied upon by the listing party at trial. The witness and exhibit lists shall be supplemented at the end of each subsequent month until the completion of Fact and Expert Discovery. The failure to supplement timely either list may give rise to an untimely added witness or exhibit being precluded from use at trial.

**VIII.   Motion Practice**

    A.    *Pre-Filing Protocol*: Proposed motions shall be circulated to and among all counsel, and if no opposition is made by counsel, the motion may be filed in the record. If there is opposition, a copy of the proposed motion should be e-mailed to the Court so that it can be discussed at the next monthly telephonic status conference before being filed in the record.

    B.    *Dispositive Motions*: Dispositive motions may be filed at any time, subject to a party's rights under F.RC.P. Rule 56(d) and the pre-filing protocol Section X(A), *supra*.

    C.    *Daubert* Motions must be filed no later than **January 15, 2023.**

    D.    Oppositions to Motions must be filed not more than twenty-one (21) days following the filing of the Motion.

    E.    Reply briefs, if any, must be filed not less than seven (7) days following the filing of an opposition memorandum and shall not exceed ten (10) pages.

    F.    Any party may join in any Motion filed by any other party by (a) filing a notice in

        the record setting forth which request(s) for relief that party is joining and which request(s) for relief that party is not joining, and/or (b) by the filing party expressly noting such joinder in the motion and clearly identifying which non-filing party(ies) join in the Motion.

    G.    It is unnecessary for the Parties to send courtesy copies of motions or memoranda to the Magistrate Judge. Motions and memoranda should employ 14-point font for text and 12-point font for footnotes.

    H.    *Hearing Dates:* Hearing Dates on Motions, and any other matters before the Court, will be set as necessary by the Court, and adequate notice of same will be provided to all Parties.

## IX. Status Conference

    A.    Periodic (monthly) status conferences shall be held for Lead Counsel and/or their designated substitutes, as set forth in Section I, *supra,* on the dates selected by the Court, regardless of whether any motions are set to be heard on those dates. If no dispositive, *Daubert,* or in limine motions are pending for argument, the conference and/or hearing may be held by telephone.

    B.    Discovery disputes submitted to the Magistrate Judge via email, as contemplated by Section X(A), *supra,* will be heard during the periodic telephonic status conferences unless the Court directs the Parties that the dispute will be held in-person.

Pre-trial Matters

    C.    *Meeting of Counsel to Complete Pre-Trial Order*: February 6, 2023

    D.    *Motions in Limine:*  February 6, 2023

    E.    *Pre-Trial Order and Joint Verdict Form Submission:*  February 22, 2023

    F.    *Bench Books:*  February 22, 2023

    G.    *Edited Trial Deposition Transcripts/Video Deposition Cuts:*  February 22, 2023

    H.    *Real time glossaries to the Court Reporter and electronic copies of Exhibits delivered to the Clerk*:  March 1, 2023

    I.    *Affirmation of ADR* Efforts:  March 1, 2023

**X.**    **Settlement Conference**

Alternative dispute resolution, whether by private mediation or settlement conference with the Magistrate Judge, shall take place at any time **within sixty (60) days from the conclusion of Fact Discovery**. However, this does not preclude the Parties from agreeing to private mediation or a settlement conference with the Magistrate Judge sooner.

Signed at Lafayette, Louisiana on this 19th day of September, 2022.

_____
DAVID J. AYO
UNITED STATES MAGISTRATE JUDGE

10