UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **ENDURANCE AMERICAN INSURANCE CO** | **CASE NO. 6:20-CV-00571** |
| **VERSUS** | **JUDGE S. MAURICE HICKS, JR.** |
| **CHEYENNE PARTNERS LLC ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

### MEMORANDUM RULING

Before the Court is "Defendants' Motion to Compel Settlement Agreements with Request for Expedited Consideration" (Rec. Doc. 696) filed by cross-claim defendants Southern Lifestyle Development, LLC; SLD Aircraft, LLC; Rodney L. Savoy; RRCO Aircraft, LLC; Parkside Properties, LLC; RR Company of America, LLC; and Robert Daigle (referred to collectively as "the SLD Defendants") seeking an order compelling the disclosure of any settlement agreements entered into between cross-claimants and non-moving cross-claim defendants. QBE Insurance Corporation joined the motion. (Rec. Doc. 697). Cross-claimants oppose the motion. (Rec. Doc. 698). The motion seeks expedited consideration given the forthcoming deadline for submission of the joint pre-trial order. For the reasons stated below, the motion is DENIED.

The SLD Defendants seek to compel the production of settlement agreements entered into between cross-claimants and non-moving defendants and contend that the terms of any settlement agreements are relevant for two purposes: (1) such information bears on the SLD Defendants' alleged solidary liability for any judgment entered against them and (2) they are likely to have an impact on the SLD Defendants' continuing settlement and litigation strategy. Each contention is addressed in turn below.

With respect to the relevance of the terms of any settlement agreements to the SLD Defendants' solidary liability relative to the non-moving defendants, they rely on *Carl E. Woodward, LLC v. Travelers Indem. Co. of Conn.*, 2011 WL 13127845 (S.D. Miss.). In that case, the court ordered the production of settlement agreements due to the potential for a credit or set-off. The SLD Defendants do not explain whether the entitlement to a credit of set-off under Mississippi law[1] to jointly and severally liable co-defendants would be similar under Louisiana law for solidarily liable tortfeasors. The court also cited the possible impact on the defendant's "continuing settlement and litigation strategy." *Id*. at *1. No detail was provided in the ruling as to the grounds asserted by the defendant for that contention. If the cross-claimants will seek to show that the defendants in this case are solidarily liable, the liability of all defendants will have to be quantified, regardless of settlement. In the event of a settlement between an obligee and a solidarily liable obligor, the settlement "benefits the other solidary obligors in the amount of the portion of that obligor." La. C.C. art. 1803. The benefit is based on that obligor's virile share, not the amount paid. *See generally Abadie v. Metropolitan Life Ins. Co*., 784 So. 2d 46, 84 (La. App. 5 Cir. 2001) ("If a solidary obligor, solvent or insolvent, settled with the plaintiff for any amount, the other solidary obligors benefitted by a credit proportional to his virile share, not by the dollar amount he may have paid in settlement.").

With respect to the SLD Defendants' contention that the terms of the settlement agreement impact their settlement and litigation strategy, they do not explain the effect of the settlement on their settlement strategy. They participated in the February 13, 2023 mediation and may or may not have participated in the post-mediation negotiations. The cross-claimants' amenability to settlement in the future with the SLD Defendants may be impacted by the settling parties' expected

---

[1] *See* Miss. Code Ann. § 85-5-7. *See also* Mississippi Law of Torts § 6:17 (2d ed.).

confidentiality of their settlement and may be adversely impacted if the settlement agreements are produced.

Further, knowledge of the *content* of any settlement agreement should not have a bearing on the SLD Defendants' litigation strategy. If the SLD Defendants want to present evidence of the settlement terms at trial, the Fifth Circuit is clear that doing so would be improper:

> Rule 408 of the Federal Rules of Evidence states, in pertinent part, that "[e]vidence of [a settlement] is not admissible . . . either to prove or disprove the validity . . . of a disputed claim. . . ." The district court does have discretion to admit evidence of a settlement for other purposes. Pertinent here, we have affirmed a district court's decision to admit the *fact* or *existence* of a settlement so as to reduce jury confusion regarding an absent defendant. We have found "reversible error," however, when a district court has admitted the *content* of a settlement agreement for the jury's consideration."

*Latiolais v. Cravins*, 574 F. App'x 429, 435 (5th Cir. 2014) (modification & italics in original, citations omitted). *See also Kennon v. Slipstreamer, Inc.*, 794 F.2d 1067, 1070 (5th Cir. 1986) ("The district court's disclosure of the amount of settlement, however, is a different matter. While revealing the fact of settlement explains the absence of the settlement defendants and thus tends to reduce jury confusion, disclosing the amount of settlement serves no such purpose."). If the SLD Defendants' litigation strategy contemplates the anticipated absence of settling defendants at trial, they know the identities of those defendants. (Partial Order of Dismissal, Rec. Doc. 700; Second Partial Order of Dismissal, Rec. Doc. 701). The Court does acknowledge that settlement agreements can be ordered produced when they are relevant on other grounds. *See generally Stafford v. Stanton*, 2020 WL 13158068 (W.D. La.) (ordering production of settlement agreements sought by professional liability insurer because they were relevant to the insurer's affirmative defense that coverage was not owed to insured, i.e., when claims arose, when the insured had knowledge of claims, and whether misrepresentations were made during application process). Such circumstances are not present here.

3

For the foregoing reasons, "Defendants' Motion to Compel Settlement Agreements with Request for Expedited Consideration" (Rec. Doc. 696) is DENIED.

**THUS DONE** in Chambers, Lafayette, Louisiana on this 28th day of February, 2023.

_____
**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**