UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| ENDURANCE AMERICAN INSURANCE COMPANY | CIVIL ACTION NO. 20-0571 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CHEYENNE PARTNERS, LLC, ET AL. | MAGISTRATE JUDGE AYO |

**MEMORANDUM ORDER**

Before the Court is Global Data Systems, Inc.'s ("Global Data") Motion for Summary Judgment (Record Document 635). Global Data "submits that there are no genuine issues of material fact regarding the applicability of the workers['] compensation bar to the claims of the Berzas and Crisp cross-claimants against Global Data and those claims are ripe for dismissal on summary judgment." Record Document 635-1 at 4. Global Data argues that Vaughn Crisp and Wade Berzas, two of the individuals killed when N42CV crashed on December 28, 2019, were in the course and scope of their employment with Global Data at the time of the crash, such that the exclusive remedy of Crisp and Berzas against Global Data would be workers' compensation. See generally Record Document 635-1. Southern Lifestyle Development Company, LLC, SLD Aircraft, LLC, Rodney L. Savoy, RRCO Aircraft, LLC, Parkside Properties, LLC, RR Company of America, LLC, and Robert Daigle (collectively "Defendants") filed a notice pursuant to the Court's Third Amended Case Management Order that they joined in the Motion for Summary Judgment filed by Global Data. See Record Document 693. The notice stated:

> Defendants join in all requests for the relief sought in this filing, and adopt it in its entirety.

Id.

The Berzas and Crisp cross-claimants opposed Global Data's Motion for Summary Judgment.  See Record Document 655.  The cross-claimants noted in their opposition that the issue raised in Global Data's motion was also the subject of their own Motion for Partial Summary Judgment concerning Global Data's affirmative defense of tort immunity. See Record Document 653.  That Motion for Partial Summary Judgment was recently denied as moot because all claims against Global Data – including those of the Berzas and Crisp cross-claimants – were dismissed.  See Record Documents 700 & 703.

Here, the Court believes the instant Motion for Summary Judgment should likewise be denied as moot.  Again, all claims against Global Data – including those of the Berzas and Crisp cross-claimants – have been dismissed.  See Record Document 700.  While it is true that Defendants adopted the instant motion, "the Louisiana Workers' Compensation Act provides the exclusive remedy for ***an employee against his employer*** . . . where the terms of the statute are met:  when the injury occurs within the course and scope of employment.  LSA-R.S. 23:1032."  Record Document 635-1 at 6 (emphasis added).  As to the claims of the Berzas and Crisp cross-claimants, Defendants do not fall within the scope of Section 1032 because they were not the employers of Berzas or Crisp.

Alternatively, even if it was proper for this Court to consider the pending Motion for Summary Judgment (Record Document 635) because of Defendants' adoption of the motion, Global Data did not present sufficient competent summary judgment evidence that would establish its entitlement to tort immunity under the Louisiana Workers' Compensation Act.  Again, under the Louisiana Workers' Compensation Act, "the employer is responsible for compensation benefits to an employee who is injured by an

2

accident which occurs in the course of the employment and arises out of the employment." Mundy v. Dep't of Health & Hum. Res., 593 So. 2d 346, 349 (La. 1992), citing LSA-R.S. 23:1031. "Compensation benefits are the employee's exclusive remedy against his employer for such an injury." Id., citing LSA-R.S. 23:1032. An employer seeking to avail itself of tort immunity under the Act has the burden of proving entitlement to immunity. See id. Moreover, "the determination of whether injury occurred in the course and scope of employment is a mixed question of law and fact." Dean v. Southmark Const., 2003-1051 (La. 7/6/04), 879 So. 2d 112, 117. Here, the record contains numerous genuine disputes of material fact relating to the determination of whether the plane crash occurred in the course and scope of Berzas and Crisp's employment and/or whether the plane crash arose out of employment.[1] Such issues are for the trier of fact to determine when weighing the evidence.

Accordingly,

**IT IS ORDERED** that Global Data's Motion for Summary Judgment (Record Document 635) be and is hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 2nd day of March, 2023.


United States District Judge

---

[1] Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir. 2010). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.