# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| ENDURANCE AMERICAN INSURANCE COMPANY | CIVIL ACTION NO. 20-0571 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CHEYENNE PARTNERS, LLC, ET AL. | MAGISTRATE JUDGE AYO |

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment (Record Document 434) filed by Defendant Rodney L. Savoy ("Savoy"). Savoy submits that no genuine issues of material fact exist to preclude summary judgment in his favor as to his alleged liability, more specifically: (1) personal liability as a member of certain LLCs for breaching fiduciary duties and/or committing fraud and/or negligent or wrongful acts; (2) personal liability under the "single business enterprise" theory; and (3) liability under the "alter ego" doctrine relative to certain LLCs. See id.; Record Document 434-1 at 11. Cross-Claimants, Steven Ensminger, Jr., Stephen Wade Berzas individually and on behalf of his minor children M.B., G.B., C.B. and K.B. and MacKenzie Berzas, Mignone Denay Crisp individually and in her capacity as Administratrix for the Estate of Robert Vaughn Crisp II, Kristie Danielle Britt and Robert E. Britt, Jr., individually and on behalf of their minor son R.E.B., and Andy Truxillo (collectively referred to herein as "Cross-Claimants"), have opposed the motion, citing credibility and factual issues relating to Savoy. See Record Document 511. Savoy replied. See Record Document 518. For the reasons set forth below, the Motion for Summary Judgment is **DENIED**, as the Court finds genuine disputes of material fact which preclude summary judgment.

**BACKGROUND**

A small airplane, a Piper N42CV (hereinafter referred to as "the Piper"), crashed shortly after takeoff in Lafayette, Louisiana, on December 28, 2019, while headed to the Peach Bowl in Atlanta, Georgia. As a result of the plane crash, the Piper's pilot, Ian E. Biggs ("Biggs"), and four of its five passengers (Robert Vaughn Crisp II, Gretchen Vincent, Michael Vincent, and Carley McCord Ensminger) were killed. The fifth passenger, Stephen Wade Berzas, survived but sustained serious injuries.

The detailed facts of this case have been set forth in numerous rulings. Here, the Court will focus on the facts pertinent to the instant motion. Endurance American Insurance Company ("Endurance") filed this interpleader action in its capacity as insurer of Cheyenne Partners, LLC—the owner of the Piper—pursuant to an Aircraft Insurance Policy. Named Defendants-in-Interpleader/Claimants are additional insureds on the Endurance policy, Eagle Air, LLC ("Eagle"), Global Data Systems, Inc. ("GDS"), Biggs, Savoy, Southern Lifestyle Development Company, LLC ("SLD"), and SLD Aircraft, LLC, whom Endurance alleges had "some involvement with respect to the flight, the pilot or ownership and/or maintenance of the aircraft." Record Document 1 at ¶ 24. There are also additional Defendants-in-Interpleader/Claimants.

Cross-Claimants assert claims against Savoy, SLD, SLD Aircraft, LLC, Eagle, GDS, Cheyenne Partners, LLC, Biggs, and Charles Vincent (collectively "Defendants"). Cross-Claimants have also named additional parties, including RRCO Aircraft, LLC, Parkside Properties, LLC, Robert Daigle, and RR Company of America, LLC, to assert the same claims made against Savoy and the other Defendants.

In their cross-claims, Cross-Claimants allege that Defendants, including Savoy individually, are all individually, jointly, and in solido liable for their damages arising out of the plane crash on various legal theories. One contention is that Defendants, including Savoy personally, "acted in concert to conduct aviation related activities in a circuitous manner designed and intended to avoid regulatory requirements intended to provide safety to the public for purely economic purposes." Record Documents 380, 386, 389, and 407. Cross-Claimants assert claims of negligence against the Defendant companies and Savoy personally for the same acts, such as failing to operate, equip, maintain, and safely land the Aircraft, and further set forth theories of recovery under the "alter ego" doctrine, the "single business enterprise" theory, and exceptions to personal liability protections afforded to LLC members by Louisiana law. Id.

Again, Savoy now seeks summary judgment in his favor that there is no personal liability as a member of certain LLCs for breaching fiduciary duties and/or committing fraud and/or negligent or wrongful acts; (2) no personal liability under the "single business enterprise" theory; and (3) no liability under the "alter ego" doctrine relative to certain LLCs. Document 434. Cross-Claimants opposed the motion, arguing genuine disputes of material fact and credibility issues preclude summary judgment. See Record Document 511.

## LAW AND ANALYSIS

I.  **Summary Judgment Standard**

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Quality Infusion Care, Inc. v. Health Care Serv.

Corp., 628 F.3d 725, 728 (5th Cir. 2010). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party." See id. "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir. 2004). If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing there is a genuine issue for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004).

A court may consider pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits when determining whether summary judgment is appropriate. See Fed. R. Civ. P. 56(c). District courts are to resolve all reasonable factual inferences from the record in favor of the nonmovant. See Hodges v. Exxon Corp., 727 F.2d 450, 452 (5th Cir.1984). "Unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." Cortez v. Lamorak Ins. Co., No. CV 20-2389, 2022 WL 3226941, at *2 (E.D. La. Aug. 10, 2022). Additionally, courts should not accept self-serving affidavits as conclusive proof. See Pitts v. Shell Oil Co., 463 F.2d 331, 334 (5th Cir.1972); Fowler v. Southern Bell Telephone & Telegraph, 343 F.2d 150, 154 (5th Cir.1965); Galindo v. Precision Am. Corp., 754 F.2d 1212, 1222 (5th Cir. 1985).

II.     Analysis

The key piece of summary judgment evidence proffered by Savoy is his affidavit (Record Document 434-3). In the affidavit, Savoy sets forth facts he believes establish there is no exception to the limited liability protections set forth under Louisiana law; there is no basis for a finding that he defrauded Cross-Claimants or failed to conduct business on a corporate footing (no liability under the "alter ego" doctrine); and there is no liability under the "single business enterprise" theory because such theory is inapplicable to individuals like him. Record Document 434-1 at 16-17. However, this Court finds that Cross-Claimants have gone beyond the pleadings and designated specific facts showing there is a genuine issue for trial as to whether the LLCs at issue were properly created and managed and the applicability of both the alter ego doctrine and single business enterprise theory. While Savoy submits that he always acted solely in his official corporate capacity, Cross-Claimants have presented competent summary judgment evidence, including deposition testimony from Savoy himself, that could lead a factfinder to conclude that Savoy personally engaged and participated in – and furthered – the Cheyenne Partners Enterprise to satisfy his personal aircraft needs. Likewise, there is a fact issue surrounding whether Savoy used his personal resources to ensure that Cheyenne Partners Enterprise operated to his personal benefit.[1] Summary judgment must be **DENIED**.

---

[1] "The alter ego question is one of fact." Holly & Smith Architects, Inc. v. St. Helena Congregate Facility, 2003-0481 (La. App. 1 Cir. 2/23/04), 872 So. 2d 1147, 1156. "Generally, the determination of whether the SBE doctrine applies is a question of fact." Boes Iron Works, Inc. v. Gee Cee Grp., Inc., 2016-0207 (La. App. 4 Cir. 11/16/16), 206 So. 3d 938, 948, writ denied, No. 2017-C-0040, 2017 WL 744658 (La. Feb. 10, 2017).

## CONCLUSION

For the reasons set forth above, Savoy's Motion for Summary Judgment (Record Document 434) is **DENIED**.  The Court finds genuine disputes of material facts exist such that Savoy is not entitled to judgment as a matter of law.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 13th day of March, 2023.

```
                          _____
                              United States District Judge
```