UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| ENDURANCE AMERICAN INSURANCE COMPANY | CIVIL ACTION NO. 20-0571 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CHEYENNE PARTNERS, LLC, ET AL. | MAGISTRATE JUDGE AYO |

**MEMORANDUM RULING**

Before the Court is a Motion for Summary Judgment (Record Document 709) filed by The Travelers Indemnity Company of Connecticut and Travelers Property Casualty Company (collectively "Travelers"). Travelers seeks to dismiss the claims against it by the Southern Lifestyle Development Company, LLC ("SLD") Defendants. See id. Travelers submits that the SLD Defendants are not insureds under the Travelers policies and, contrary to the SLD Defendants' allegations, a finding that they participated in a single business enterprise would not transform them into insureds under the Travelers policies. See id. The SLD Defendants have opposed the motion, arguing they are entitled to indemnification and coverage under the Travelers policies. See Record Document 745. The SLD Defendants contend they are entitled to indemnification from any judgment against them in the event they are found to belong to a single business enterprise with Global Data Systems, Inc. ("GDS") and GDS is found at fault. See id. Travelers filed a reply. See Record Document 769. For the reasons set forth below, the Motion for Summary Judgment is **GRANTED**. All claims asserted by the SLD Defendants against Travelers are **DISMISSED WITH PREJUDICE** and at the SLD Defendants' cost.

**BACKGROUND**

A small airplane, a Piper N42CV (hereinafter referred to as "the Piper"), crashed shortly after takeoff in Lafayette, Louisiana, on December 28, 2019, while headed to the Peach Bowl in Atlanta, Georgia. As a result of the plane crash, the Piper's pilot, Ian E. Biggs, and four of its five passengers (Robert Vaughn Crisp II, Gretchen Vincent, Michael Vincent, and Carley McCord Ensminger) were killed. The fifth passenger, Stephen Wade Berzas, survived but sustained serious injuries.

The detailed facts of this case have been set forth in numerous rulings. Here, the Court will focus on the facts pertinent to the instant motion. In this lawsuit, several individuals have asserted claims against SLD, SLD Aircraft, LLC ("SLD Aircraft"), Rodney Savoy ("Savoy"), RRCo Aircraft, LLC ("RRCo Aircraft"), Parkside Properties, LLC ("Parkside Properties"), RR Company of America, LLC ("RR Company of America"), and Robert Daigle ("Daigle") (collectively the "SLD Defendants") seeking to recover for certain deaths and injuries caused by the December 28, 2019 crash of the Piper. On October 18, 2022, the SLD Defendants filed an amended cross-claim alleging that they qualify as insureds under the Travelers policies issued to GDS or, alternatively, that they would be entitled to such coverage if there is a finding of a single business enterprise, and that they are entitled to defense and indemnity from Travelers.

Travelers Indemnity issued an insurance policy to GDS bearing the Policy No. H-630-1D760921 for the policy period May 8, 2019 to May 8, 2020 (the "CGL Policy") that provided, *inter alia*, certain commercial general liability coverage. Travelers Property issued an insurance policy to GDS bearing the Policy No. CUP-1J918743 for the policy period May 8, 2019 to May 8, 2020 (the "Excess Policy") that provided certain excess

follow-form liability coverage and umbrella liability coverage.  Neither the CGL Policy nor the Excess Policy identifies any of the SLD Defendants as insureds under those policies.  Neither the CGL Policy nor the Excess Policy include any provisions that make the SLD Defendants insureds for the claims at issue.

Charles Vincent and Savoy formed Cheyenne Partners, LLC ("Cheyenne Partners").  Cheyenne Partners was the registered owner of the Piper.  The Aircraft, Auto or Watercraft exclusion in the Commercial General Liability coverage part in the CGL Policy states in relevant part:

> **2. Exclusions**
> This insurance does not apply to:
> \* \* \*
> **g. Aircraft, Auto Or Watercraft**
> "Bodily Injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".
> This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.
> This exclusion does not apply to:
> \* \* \*
> (6) An aircraft that is:
>     (a) Chartered with a pilot to any insured;
>     (b) Not owned by any insured; and
>     (c) Not being used to carry any person or property for a charge.

Record Document 401 (CGL Policy).

The excess follow-form liability coverage part in Excess Policy follows form to the commercial general liability coverage in the CGL policy and is subject to the same terms,

conditions, agreements, exclusions, and definitions as the commercial general liability coverage in the CGL, including but not limited to the same Aircraft, Auto or Watercraft exclusion. The Aircraft, Auto or Watercraft exclusion in the Umbrella Liability coverage part in the Excess Policy states in its entirety:

> **SECTION IV – EXCLUSIONS**
> This insurance does not apply to:
> \* \* \*
> B. With respect to Coverage B:
> \* \* \*
> 6. Aircraft
> "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading". This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft that is owned or operated by or rented or loaned to any insured.

Record Document 391-4 (Excess Policy).

## LAW AND ANALYSIS

**I.      Summary Judgment Standard**

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir. 2010). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party." See id. "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to

4

establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir. 2004). If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing there is a genuine issue for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004). A court may consider pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits when determining whether summary judgment is appropriate. See Fed. R. Civ. P. 56(c).

## II. Analysis

The SLD Defendants do not dispute that they are not listed insureds under the Travelers policies as written. Instead, they argue that if they are found to have been members of a single business enterprise to own and operate the Piper, the legal effect of such a finding is that they would be insureds under the Travelers policies, thereby entitling them to defense and indemnification under the Travelers policies.

"The party seeking additional insured status 'bears the burden of proof as to its status as an insured under the insurer's policy.'" Hanover Ins. Co. v. Superior Lab. Servs., Inc., No. CV 11-2375, 2017 WL 2984867, at *11 n. 115 (E.D. La. July 12, 2017), quoting WH Holdings, LLC v. ACE Am. Ins. Co., No. CIV.A. 07-7110, 2013 WL 2286107, at *3 (E.D. La. May 23, 2013), aff'd sub nom. WH Holdings, L.L.C. v. Ace Am. Ins. Co., 574 F. App'x 383 (5th Cir. 2014). Here, the SLD Defendants assert that they are insureds under the Travelers policies; thus, they bear the burden of proving that they qualify as insureds under those policies. The Court finds that they have not carried such burden.

"The 'single business enterprise' doctrine is a theory for imposing liability where two or more business entities act as one." Ames v. Ohle, 2016-0612 (La. App. 4 Cir. 4/26/17), 219 So. 3d 396, 406 n. 9. "Generally, under the doctrine, when corporations integrate their resources in operations to achieve a common business purpose, each business may be held liable for wrongful acts done in pursuit of that purpose." Id., citing Brown v. ANA Ins. Grp., 2007-2116 (La. 10/14/08), 994 So.2d 1265, 1266.  While a judgment entered pursuant to the single business enterprise theory results in vesting title to the assets of all the single business enterprise entities into a single pool for liability purposes, it does not change the ownership of each affiliated corporation or entity making up the single business enterprise.  See Brown, 994 So. 2d at 1272.  In other words, a single business enterprise finding cannot be used as a means for one member of the SBE to gain rights allotted to another. See Templeton v. CB Med., LLC, No. 1:19-CV-01292, 2020 WL 6888044, at *5 (W.D. La. Nov. 24, 2020) ("Louisiana's SBE doctrine does not include reformation of contracts such as would transfer equity interests within the combined companies.").

Moreover, while there is no Louisiana case directly on point in the insurance setting, courts in Texas have uniformly rejected the argument that a finding of a single business enterprise creates insured status for all members of that enterprise under an insurance policy issued only to one of its members.  See, e.g., Ford, Bacon & Davis, LLC v. Travelers Ins. Co., No. CIV.A.H-08-2911, 2010 WL 1417900, at *3 (S.D. Tex. Apr. 7, 2010), aff'd sub nom. Ford, Bacon & Davis, L.L.C. v. Travelers Ins. Co., 635 F.3d 734 (5th Cir. 2011) ("The fact that one non-insured entity is purportedly sued for the actions of another insured entity [under the single business enterprise doctrine] does not

6

magically metamorphose a non-insured into an insured. This is a logic-challenged idea."); Acceptance Indem. Ins. Co. v. Maltez, 619 F. Supp. 2d 289, 301–02 (S.D. Tex. 2008), aff'd, 08-20288, 2009 WL 2748201 (5th Cir. June 30, 2009) (rejecting argument that all members of SBE were entitled to coverage under insurance policy issued to only one member, aptly explaining, "While it is one thing to assign liability for a debt to a member of an SBE upon a finding that the constituents 'integrate[d] their resources to achieve a common business purpose' and incurred debt in pursuit of that purpose, it is another to require that a third party [insurer] be required to perform on a[n insurance] contract with a company with which he never intended to do business."); Gemini Ins. Co. v. Austin Diversified Products, Inc., 3:09-CV-02131-F, 2012 WL 12885059, at *10 (N.D. Tex. Dec. 14, 2012); Kaufman and Broad Home Corp. v. Employers Mut. Cas. Co., 2008 WL 281530, at *4 (Tex. App.--Fort Worth Jan. 31, 2008).

Louisiana's single business enterprise doctrine does not reform insurance contracts.  See Templeton, 2020 WL 6888044, at *5.  Additionally, this Court finds the reasoning and rationale set forth in the aforementioned Texas cases to be persuasive and further notes that the SLD Defendants – who bear the burden of proving they qualify as insureds under the Travelers policies – do not explain how Texas's law on single business enterprise is substantively distinctive from Louisiana's to warrant a dissimilar outcome.  For these reasons, the SLD Defendants' claims against Travelers premised upon them being insureds pursuant to the single business enterprise doctrine are misplaced.  Travelers motion is **GRANTED**.

## CONCLUSION

For the reasons set forth above, Travelers' Motion for Summary Judgment (Record Document 709) be and is hereby **GRANTED**. All claims asserted by the SLD Defendants against Travelers are **DISMISSED WITH PREJUDICE** and at the SLD Defendants' cost.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 14th day of March, 2023.

_____
United States District Judge