**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| ENDURANCE AMERICAN INSURANCE CO | CIVIL ACTION NO. 20-0571 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CHEYENNE PARTNERS LLC, ET AL. | MAGISTRATE JUDGE DAVID J. AYO |

**MEMORANDUM RULING**

Before the Court is a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Cross-Defendant RR Company of America, LLC ("RRCA") (Rec. Doc. 566) in response to multiple amended and restated cross-complaints.[1] (Rec. Docs. 535, 537, 541, 545, 549, 551). The motion is opposed. (Rec. Docs. 588, 601, 602). RRCA filed a reply memorandum. (Rec. Doc. 605). For the reasons set forth below, the Motion to Dismiss is **DENIED**.

**I.    Factual Background**

This case arises from a December 28, 2019 airplane crash in Lafayette, Louisiana. Ian Biggs was piloting a private aircraft identified as Piper N42CV with five passengers on board when it crashed shortly after takeoff. (Fourth Amended Cross-Complaint at ¶¶24, 25, Rec. Doc. 537). Biggs and four of the five passengers—Robert Vaughn Crisp, II; Gretchen D. Vincent; Michael Walker Vincent; and Carley McCord—perished in the crash. (Id. at ¶26). One passenger, Stephen Wade Berzas, survived the crash but sustained serious injuries. (Id.). Kristie Danielle Britt was sitting in her vehicle when Piper

---

[1] Most but not all of the amended and restated cross-complaints are captioned as fourth amended and restated cross-complaints. (Rec. Docs. 535, 537, 545, 551). One was captioned as a third amended and restated cross-complaint, (Rec. Doc. 549), and another as a first amended and restated cross-complaint (Rec. Doc. 541). For the sake of clarity and since the various cross-complaints are substantially verbatim, all amended and restated cross-complaints to which RRCA's instant motion is directed will be referred to collectively as the "Fourth Amended Cross-Complaints."

1

N42CV crashed into it, causing Britt's vehicle to roll multiple times and become consumed in a post-impact fire and seriously injured her. (Id. at ¶26).

On May 6, 2020,[2] Endurance American Insurance Company commenced the instant case in this Court by filing its Complaint for Interpleader and named the following as defendants: Cheyenne Partners, LLC; Eagle Air, LLC; Global Data Systems, Inc.; SLD Aircraft, LLC; Southern Lifestyle Development Company, LLC; Rodney Savoy; Ian Biggs (through the administratrix of his estate); Steven Ensminger, Jr. (as surviving spouse of Carley McCord); Tracy and Karen McCord (as Carley McCord's parents); Chris Vincent (as surviving spouse of Gretchen Vincent and father of Michael Walker Vincent); Stephen Berzas and MacKenzie Berzas (the "Berzas Claimants"); Mignone Crisp (as surviving spouse and administratrix of Robert Vaughn Crisp, II's estate); Megan Thomas; and Kristie Britt and Robert Britt (individually and on behalf of Elliott Britt and Andy Truxillo (the "Britt Claimants"). (Rec. Doc. 1 at ¶¶2-17). The complaint alleged that Endurance had issued Aircraft Insurance Policy No. NAI6025731 to Cheyenne Partners, LLC effective on the date of the crash with a combined single limit for bodily injury and property damage liability of $5 million. (Id. at ¶23). The policy also named Eagle Air, LLC; Global Data Systems, Inc.; SLD Aircraft, LLC; Ian Biggs; Southern Lifestyle Development Company, LLC; and Rodney Savoy as additional insureds. (Id. at ¶24). Due to the

---

[2] Also on May 6, 2020, Mignone Denay Crisp, individually and as Administratrix for the Estate of Robert Vaughn Crisp, II, filed a petition in the Fifteenth Judicial District Court, Lafayette Parish, Louisiana, against Cheyenne Partners, LLC; Eagle Air, LLC; Global Data Systems, Inc.; Southern Lifestyle Development Company, LLC; and Ian Biggs/Estate of Ian Biggs. (Rec. Doc. 535 at ¶29, Exhibit B to same). Based upon pleadings filed in state court, Crisp filed a First Supplemental and Restated Petition naming additional defendants. (Id. at ¶ 30). Also on May 6, 2020, Britt and her husband, Robert E. Britt, Jr., filed a petition in the same court individually and on behalf of their minor son Robert Elliott and Andy Truxillo. (Rec. Doc. 537 at ¶27). A similar amended petition was filed adding the four aforementioned new defendants. (Id. at ¶28).

conflicting claims against Endurance regarding entitlement to benefits under the policy, Endurance deposited the limits of its policy into the registry of the Court and requested that the Court determine the allocation of those policy limits among the defendants/claimants. (Id. at prayer). Endurance further requested an injunction pursuant to 28 U.S.C. § 2361. (Id.).[3]

After various amendments and motion practice, this Court entered a Case Management Order on August 16, 2021 setting, among other deadlines, a trial date of April 3, 2023. (Rec. Doc. 312). The CMO also separated the discovery process into multiple phases. "Phase I Fact Discovery" included the issuance of and response to written discovery as well as a listing of numerous individuals and entities to be deposed. (Id. at § IV). RRCA was listed as an entity to be deposed. (Id.). An Amended Case Management Order was entered on February 16, 2022. (Rec. Doc. 366). RRCA was again listed as an entity to be deposed during Phase I discovery. (Id.).

Discovery in the matter progressed as contemplated by the Case Management Order. Amended pleadings were filed and additional cross-defendants were added. Pertinent to RRCA's first motion (Rec. Doc. 454), on May 26, 2022, Mignone Crisp filed with leave of court a Third Amended & Restated Cross-Complaint naming RRCA, Robert Daigle, and AIG Property Casualty Company as cross-defendants. (Rec. Doc. 380). On June 2, 2022, the Britt Claimants and Steven Ensminger, Jr. filed substantially verbatim Third Amended & Restated Cross-Complaints adding the aforementioned defendants. (Rec. Doc. 386, 389). The Berzas Claimants filed a substantially verbatim Third Amended

---

[3] Endurance also filed a First Amended Complaint for Interpleader naming Travelers Casualty & Surety Company and other individuals as claimants. (Rec. Doc. 103). A Second Amended Complaint for Interpleader was filed adding additional claimants. (Rec. Doc. 233).

3

and Restated Cross-Complaint on June 8, 2022. (Rec. Doc. 407).[4] On August 1, 2022, Southern Lifestyle Development Company, SLD Aircraft, LLC, Rodney Savoy, RRCO Aircraft, LLC, Parkside Properties, LLC, Robert Daigle, *and RRCA* filed answers to the Third Amended Cross-Complaints filed by Crisp and Ensminger, (Rec. Docs. 450, 452). A similar answer was filed on August 4 in response to the Britt Claimants' Third Amended Cross-Complaint. (Rec. Doc. 456). RRCA responded to the Third Amended Cross-Complaints with its first Motion to Dismiss. (Rec. Doc. 454). Cross-claimants opposed that motion. (Rec. Docs. 488, 489). RRCA filed a reply memorandum. (Rec. Doc. 497).

Prior to ruling on that motion, cross-claimants filed the Fourth Amended Cross-Complaints. Those pleadings added a cause of action for civil conspiracy under Louisiana law. RRCA responded with the instant motion. (Rec. Doc. 566). Based upon discussions in a previous status conference, the instant motion, (Rec. Doc. 566), mooted RRCA's first Motion to Dismiss, (Rec. Doc. 454). (Order, Rec. Doc. 705 at 1, n.1).

## II. Legal Standard

At the outset, the Court notes that both Motions to Dismiss referred to evidence outside of the pleadings. The first Motion to Dismiss attached deposition transcript excerpts as Exhibit A. (Rec. Doc. 454-2).[5] However, the exhibit was not attached to the instant motion but was expressly referenced. (Rec. Doc. 566-1 at 12-13 notes 21-24). Pursuant to Rule 12(d), the Court excludes Exhibit A, will not consider it in passing on the instant motion, and therefore will not treat the instant motion as a motion for summary judgment under Rule 56.

---

[4] The aforementioned pleadings will be referred to collectively as "Third Amended Cross-Complaints."
[5] On motion by RRCA, the Court ordered that Exhibit A be filed under seal. (Motion, Rec. Doc. 494; Order, Rec. Doc. 500).

4

Federal Rule of Civil Procedure 8(a) requires a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 does not require detailed factual allegations, but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted."

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. 1955. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 663, 129 S. Ct. 1937 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer probability that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556, 127 S. Ct. 1955). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. Sonnier v. State Farm Mut. Auto. Ins. Co., 509 F.3d 673, 675 (5th Cir. 2007). The Court may not accept legal conclusions as true, and only a complaint that states a plausible claim for

5

relief will survive a motion to dismiss. Iqbal, 556 U.S. at 678-79, 129 S. Ct. 1937. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. Id.

"Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Randall D. Wolcott, M.D., P.A. v. Sebelius, 635 F.3d 757, 763 (5th Cir. 2011) (citations omitted); see also Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322, 127 S. Ct. 2499, 168 L. Ed. 2d 179 (2007). A court may also consider documents that a defendant attaches to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000).

### III. Analysis

RRCA is a limited liability company owned by Robert Savoy and Robert Gagnard. (Rec. Doc. 566-1 at 5). While Savoy was added as a cross-defendant with RRCA, Gagnard is not a party to this litigation. RRCA contends that cross-claimants' causes of action must be dismissed because the claims against RRCA do not rest upon any cognizable legal theory, i.e., alter ego and single business enterprise, and rely upon sparse factual and legal conclusions. (Rec. Doc. 566-1 at 7). Cross-claimants counter that they filed their Fourth Amended Cross-Complaints to assert the civil conspiracy claim based on evidence obtained in discovery, including the depositions of Rodney Savoy and Charles Vincent. (Rec. Doc. 601 at 5). With respect to the Third Amended Cross-Complaints naming RRCA as a defendant for the first time, cross-claimants claimed that

they waited until some discovery was completed before adding RRCA. (Rec. Doc. 488 at 3-4).[6]

In a nutshell, cross-claimants argue that they sufficiently pled plausible and legally cognizable claims against RRCA. Whereas motions to dismiss are typically filed at the early stages of litigation, the instant motion was filed in response to the *Fourth* Amended Cross-Complaints and the prior motion was filed in response to the *Third* Amended Cross-Complaints. The parties had engaged in some level of discovery by that time and it was clear, as mentioned above, that the parties always contemplated including RRCA in the discovery process. It stands to reason that any information relative to RRCA's liability—including whether it qualifies as an alter ego of its owners, is part of a single business enterprise with other entities, and/or is liable in tort in its own right—was contained in financial and legal records solely within RRCA's possession and eventually produced in discovery.

Federal Rule of Civil Procedure 12(b)(6) does "not countenance dismissal of a complaint for imperfect statement of the legal theory." Johnson v. City of Shelby, Miss., 135 S. Ct. 346 (2014). Nor is a plaintiff obliged to explicitly state every element of a prima facie case in the complaint. Wooten v. McDonald Transit Assocs., Inc., 788 F.3d 490, 499 (5th Cir. 2015). See generally Haskett v. T.S. Dudley Land Co., Inc., 648 Fed. App'x 492, 495 (5th Cir. 2016) (noting that a "plaintiff need not make out a prima facie case of discrimination in order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim."); Blitzsafe Tex., LLC v. Volkswagen Grp. of Am., 2016 WL 4778699 at *4 (E.D. Tex.) (noting that "in most patent cases, asking the plaintiff to provide an element-by-

---

[6] The Court notes that its consideration of the instant motion includes the arguments made by the parties in the briefing on RRCA's first Motion to Dismiss that was not repeated in the briefing on the instant motion.

element analysis of the accused device in the complaint does not advance the goals of the Federal Rules of Civil Procedure."). Cross-claimants were not obligated to recite in detail the evidentiary support for their claims. Their allegations track the 18-factor test articulated by the Louisiana First Circuit Court of Appeal in Green v. Champion Ins. Co., 577 So. 2d 249 (La. App. 1 Cir. 1991), for determining whether to pierce a corporate veil and are alleged "on information and belief." RRCA takes issue with cross-claimants' pleading on information and belief and construes such pleadings as containing "threadbare" recitals. (Rec. Doc. 566-1 at 11). On this point, the Court disagrees with RRCA on two bases.

First, while the Fourth Amended Cross-Complaints do not list the evidence supporting each Green factor allegation, it cannot be said that the cross-claims are so devoid of facts that RRCA would not be put on notice of what cross-claimants are alleging and intend to prove at trial. See generally Anderson v. U.S. Dep't of Housing & Urban Dev., 554 F.3d 525, 528 (5th Cir. 2008) (quoting Twombly and noting that, although Rule 8(a) does not require pleading specific facts, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."). This is especially so in this case where the matter has been pending since May 2020, RRCA was listed early on as an entity to be deposed, and alter ego/single business enterprise claims have been asserted against other affiliated entities. RRCA cannot reasonably assert that it does not have fair notice of the grounds of the cross-claims.

Second, courts allow pleading on information and belief. Charles Alan Wright & Arthur Miller, 5 Fed. Prac. & Proc. Civ. § 1224 (4th ed.) ("Although there is no express authorization in the federal rules for pleading on information and belief, allegations in this

form have been held to be permissible, even after the Twombly and Iqbal decision."). Here, some discovery had taken place prior to the addition of RRCA as a party; however, additional discovery would have been necessary to flesh out the evidence relative to RRCA's possible status as an alter ego of Savoy and/or its possible inclusion as part of a single business enterprise with other entities. Additional discovery to include expert discovery was contemplated by the Case Management Order. After all, alter ego and single business enterprise inquiries—especially under the facts of this case—necessarily require the involvement of experts. The Court finds that cross-claimants' factual allegations are sufficient to survive a motion to dismiss under Rule 12(b)(6).

## IV.   Conclusion

For the reasons set forth above, the Motion to Dismiss (Rec. Doc. 566) filed by RR Company of America, LLC is **DENIED**.[7]

**THUS DONE AND SIGNED** in Shreveport, Louisiana this 16th day of March, 2023.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

---

[7] While the instant motion is denied, such denial in no way impacts this Court's ruling on QBE Insurance Corporation's Motion for Summary Judgment (Rec. Doc. 716), wherein all claims for "civil conspiracy" under Article 2324 that have been alleged by all Cross-Claimants in this matter were **DISMISSED**. See Rec. Docs. 792, 793).