**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

ENDURANCE AMERICAN INSURANCE CO     CASE NO.  6:20-CV-00571

VERSUS                                                      JUDGE S. MAURICE HICKS, JR.

CHEYENNE PARTNERS LLC ET AL        MAGISTRATE JUDGE DAVID J. AYO

**MEMORANDUM RULING**

Before the Court are the following two related motions:

- "*Ex Parte* Motion for Leave to File Documents Under Seal & a Brief in Excess of Twenty-Five Pages" filed by Cross-Claimants Kristie Danielle Britt and Robert E. Britt, Jr., individually and on behalf of their minor son, R.E.B., and Andy Truxillo (the "Britt Claimants") (Rec. Doc. 626).  This motion also includes a motion to compel, supporting memorandum, and 44 exhibits.

- "RR Company of America, LLC's Motion to Strike Motion to Compel or in the Alternative Motion for Extension of Time to File Opposition" filed by Cross-Defendant RR Company of America, LLC ("RRCA") (Rec. Docs. 627).  The Britt Claimants oppose the motion.  (Rec. Doc. 629).  RRCA filed a reply memorandum.  (Rec. Doc. 630).

For the reasons set forth below, the Motion for Leave (Rec. Doc. 626) is DENIED and the Motion to Strike (Rec. Doc. 627) is DENIED AS MOOT.

A complete recitation of the factual and procedural history of this matter is not necessary to resolve the instant motions, both of which arise from a discovery dispute pertaining to the Rule 30(b)(6) corporate deposition of RRCA.  On December 2, 2022, Nicholas Bergeron, counsel for RRCA, copied undersigned on an email to Craig Morrow, counsel for the Britt

1

Claimants, attaching correspondence from Kenneth Laborde, additional counsel for RRCA, to Mr. Morrow dated the same day.  The correspondence summarized a Local Rule 37.1 conference conducted earlier that day which addressed the rescheduling of the Rule 30(b)(6) corporate deposition of RRCA set for December 15, 2022.  Mr. Laborde stated that RRCA would not reproduce any witness for a deposition in the event Mr. Morrow obtained additional documents or responses to discovery requests after the deposition.  Mr. Laborde referenced an August 9, 2022 telephone status conference before undersigned's predecessor, Magistrate Judge Patrick Hanna, during which the parties discussed a request by Mr. Laborde to briefly postpone the depositions of cross-defendants Rodney Savoy, RRCO Aircraft, LLC, and Parkside Properties, LLC then set for August 18-19, 2022 pending resolution of a discovery dispute regarding discovery responses provided by RRCO Aircraft and Parkside.  (Minutes, Rec. Doc. 462).  Judge Hanna noted that counsel for multiple cross-claimants opposed Mr. Laborde's request and indicated a willingness to proceed notwithstanding the pending dispute.  (*Id*. at 3).  Judge Hanna noted the cross-claimants' desire to proceed "without regard to whether or not the Court will entertain any future requests for supplemental depositions following resolution of pending discovery issues."  (*Id*.).  In effect, Mr. Laborde's December 2 letter sought the same delay for the corporate deposition of RRCA that he had proposed in August regarding the corporate depositions of RRCO Aircraft and Parkside.

On December 12, 2022, Mr. Morrow emailed undersigned and included a letter setting forth the Britt Claimants' response to Mr. Laborde's December 2 letter.  The letter also included a discussion of the details of the ongoing dispute and a summary of the evidence relative to the alter ego and single business enterprise claims.[1]  Based on that submission, the Court issued an

---

[1] The attachments to the email were RRCA's objections and responses to the Britt Claimant's interrogatories and requests for production of documents, a November 29, 2022 letter setting a Rule 37.1 conference, Mr. Laborde's

order referencing the aforementioned correspondence, setting a telephone status conference for the next day, and ordering RRCA to identify to counsel for the Britt Claimants the designated representative for the Rule 30(b)(6) deposition of RRCA.  (Rec. Doc. 607).  By email that afternoon, Mr. Bergeron "replied all" to Mr. Morrow's email and identified Tricia Sieferman as the designated representative.

On December 13, 2022, a telephone status conference was conducted.  The minutes issued the same day state in full:

> The Court advised that as soon as possible, cross-claimants may file a motion to compel regarding their requests for production of the subject financial discovery from RRCA.  RRCA will then have 10 days to respond to said motion. Upon review of the motion and the response, the Court will determine whether to set an in-person hearing or a telephone conference to resolve the matter.
> In addition, the Rule 30(b)(6) deposition of RRCA may be taken in January 2024 [sic] notwithstanding the deadlines set forth in the Third Amended Case Management Order.  (Rec. Doc. 513).  Further, the Defendants' Expert Reports remain due on December 22, 2022, and the Deadline for Discovery remains December 30, 2022.  However, as to the three single business enterprise (SBE) experts identified in the conference, the depositions of those experts may be taken outside the deadlines, and said experts may supplement their reports to the extent necessary.

(Rec. Doc. 617).  Typographical error aside, it is clear that the corporate deposition of RRCA was to take place in January 2023 notwithstanding the December 30, 2022 discovery deadline. The depositions of the three single business enterprise experts identified in the conference could have likewise been taken outside the deadline.  In all other respects, the discovery deadline remained December 30, 2022.

The Britt Claimants filed the instant motion on January 16, 2023.  (Rec. Doc. 626).  The motion sought leave of court to file documents under seal and file a brief in excess of 25 pages and included a motion to compel.  The motion to compel contained 44 exhibits.

---

response to same, an extract of a Whitney Bank statement, an extract from an account register showing a wire transfer, emails among some of the cross-defendants, a portion of a bank statement from Cheyenne Partners, LLC's Bank of Erath account, and one page containing images of checks written from Robert Daigle's checking account.

Rather than file an opposition to the Britt Claimants' motion, RRCA filed the instant Motion to Strike.  (Rec. Doc. 627).  However, in the alternative, RRCA sought a 21-day extension of time[2] in which to file an opposition if the Court did not strike the Britt Claimants' motion.  RRCA takes issue with the timing of the Britt Claimants' motion, arguing that the date of filing on January 16, 2023 was not "as soon as possible" as stated in the Court's December 13, 2022's minutes.

The Britt Claimants responded and argued that their motion was timely.  (Rec. Doc. 629 at 2).  They further argue that the motion was not a surprise to RRCA, RRCA's motion is procedurally suspect and based on flawed reasoning, and that RRCA's motion was a delay tactic.

The crux of the pending motions involves dueling interpretations of this Court's instruction to file the motion to compel "as soon as possible."  On one hand, RRCA argues that this Court's instruction for the Britt Claimants to file their motion to compel "as soon as possible" means that the filing of such motion on January 16, 2023 renders it untimely.  On the other hand, the Britt Claimants argue that their motion is timely because the Court's modification of the deadlines at the December 13 status conference was inapplicable to the discovery sought from RRCA.

The Court agrees with RRCA's argument on this issue.  As stated above, the operative status conference took place on December 13, 2022.  Rather than set a firm deadline for the Britt Claimants to file a motion to compel, the Court instructed them to file such motion "as soon as possible."  To emphasize the time-sensitive nature of the dispute, the Court ordered RRCA to file a response within ten days rather than the usual 21 days under the local rules.  Most importantly,

---

[2] Under the Local Rules, a response to a motion is due within 21 days.  Local Rule 7.5.  This Court's minutes from December 13, 2022 ordered RRCA to respond to any motion to compel within ten days.

the Court noted that the Rule 30(b)(6) deposition of RRCA could take place in January 2023.[3] The filing of the motion to compel on January 16, 2023 would have required a response by RRCA by January 26, 2023.  In order for the parties to still be able to conduct the Rule 30(b)(6) deposition of RRCA with the benefit of a ruling—which is what was expected given the filing of the motion in the first place—the Court would have had to issue a ruling in a window of five days.   While the Court appreciates the Britt Claimants' vote of confidence in the Court's abilities, it would not have been feasible for the Court to process the motion to compel and issue a ruling in sufficient time for the deposition to take place the same month considering the breadth of the motion (44 exhibits and a 51-page memorandum) as well as the Court's docket and schedule.  Had the motion been filed shortly after the December 13 status conference, the Court could have issued a ruling in time for the deposition to take place in January as the minutes stated.

The Court further finds that it would not be proper to strike the Britt Claimants' motion as RRCA requests.  Federal Rule of Civil Procedure 12(f) pertains to the striking of pleadings. The Britt Claimants' motion would not qualify as a pleading pursuant to Rule 7(a). Therefore, Rule 12(f) would not apply to strike a motion.  *See generally Grigsby & Assocs., Inc. v. Jenkins*, 2015 WL 13728360 (W.D. La.); *Wells Fargo Bank, N.A. v. Jones*, 2008 WL 11354976 at *2 (E.D. La.) (denying motion to strike a sur-reply brief because "Rule 12(f) limits its application to 'pleadings'").

For the reasons set forth above, the "*Ex Parte* Motion for Leave to File Documents Under Seal & a Brief in Excess of Twenty-Five Pages" filed by Cross-Claimants Kristie Danielle Britt and Robert E. Britt, Jr., individually and on behalf of their minor son, R.E.B., and Andy Truxillo (the "Britt Claimants") (Rec. Doc. 626) is DENIED.  It is further ordered that "RR Company of

---

[3] The Court again acknowledges its typographical error.

America, LLC's Motion to Strike Motion to Compel or in the Alternative Motion for Extension of Time to File Opposition" filed by Cross-Defendant RR Company of America, LLC ("RRCA") (Rec. Docs. 627) is DENIED AS MOOT.

THUS DONE AND SIGNED in Lafayette, Louisiana this 17th day of March, 2023.

**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**